Filed 2/26/14  P. v. Garcia CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B242172 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA 120790) |
| v. | |
| JORGE GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dewey Lawes Falcone, Judge.  Affirmed as modified.

Jonathan P. Milberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In this appeal from a conviction for taking or driving a vehicle (Veh. Code, § 10851, subd. (a)), we reject defendant's contention that the trial court should have instructed jurors on the affirmative defense of entrapment. We modify the judgment to correct minor sentencing errors, and otherwise affirm.

## FACTS AND PROCEDURE

The Los Angeles County Sherriff's Department has a program entitled the Taskforce for Regional Autotheft Prevention. The program includes leaving "bait" cars in locations with spiking auto thefts. The bait cars appear abandoned after the apparent owner leaves the car unattended with the engine running and either the driverside door or passengerside door open. Deputy sheriffs then observe whether anyone drives away in the bait car.

On July 18, 2011, two plainclothes deputy sheriffs engaged in a role play. They honked, yelled, and uttered profanities in order to attract attention. After the role play, one deputy entered the other's car, leaving her car -- the bait car -- behind. The bait car's engine was running, and the passenger door was open. Several people, including defendant, were walking in the area of the role play.

Defendant approached the bait car. He closed the passenger door with his shirt over his hand and opened the driverside door with his shirt over his hand. He used his shirt to cover the gear shift and the steering wheel as he drove away. Defendant was not carrying burglary tools when he drove away in the bait car.

In addition to the deputy sheriffs who participated in the role play and observed the bait car after the role play, a television show called *Bait Car* also had persons at the scene. The deputy sheriffs, not the producers of the television show, controlled the scene. No one from the television show had contact with defendant prior to his arrest. Los Angeles County was compensated for produced episodes of the show *Bait Car*. No footage from this case was used on television.

Defendant was charged and convicted of one count of unlawful driving or taking a vehicle in violation of Vehicle Code section 10851, subdivision (a). A prior robbery was alleged as a serious or violent felony conviction and as a prior prison term warranting a

one-year enhancement under Penal Code section 667.5, subdivision (b). Defendant admitted the prior.

The court denied defendant's motion to strike the prior serious or violent felony conviction. The court sentenced defendant to the midterm of two years doubled for the prior robbery conviction. The court stayed the one-year sentence for defendant's prior under Penal Code section 667.5, subdivision (b). The court ordered defendant to pay a $240 restitution fine and stayed a $200 parole revocation fine.

## DISCUSSION

Defendant argues that the court erred in refusing to give an instruction on entrapment. The Attorney General argues that minor sentencing errors must be corrected. We modify the sentence.

### 1. Entrapment

The principal issue on appeal is whether the trial court erred in refusing to instruct jurors on the affirmative defense of entrapment. "In California, the test for entrapment focuses on the police conduct and is objective. Entrapment is established if the law enforcement conduct is likely to induce a *normally law-abiding person* to commit the offense. [Citation.] '[S]uch a person would normally resist the temptation to commit a crime presented by the simple opportunity to act unlawfully. Official conduct that does no more than offer that opportunity to the suspect -- for example, a decoy program -- is therefore permissible; but it is impermissible for the police or their agents to pressure the suspect by overbearing conduct such as badgering, cajoling, importuning, or other affirmative acts likely to induce a normally law-abiding person to commit the crime.'" (*People v. Watson* (2000) 22 Cal.4th 220, 223 (*Watson*).)

These principles were applied by our Supreme Court in *Watson*, a case remarkably similar to the present one. In *Watson*, police officers set up a "sting" operation whereby they left a car unlocked with keys in the ignition to make the car easy to steal. (*Watson, supra*, 22 Cal.4th at p. 222.) Prior to abandoning the car, officers set up a scene so that it would appear the driver of the car -- a plainclothes police officer -- was handcuffed, arrested, and driven away in a patrol car. Police "wanted to 'give the impression [the

3

driver] was arrested and the vehicle was left there.'" (*Ibid*.)  The defendant in *Watson* drove away in the car.  (*Ibid*.)

At his trial for taking a vehicle, the defendant requested an instruction on entrapment.  (*Watson, supra*, 22 Cal.4th at p. 222.)  The Supreme Court concluded no instruction was warranted.  (*Id*. at p. 224.)  Our high court reasoned:  "The sting operation in this case presents no evidence of entrapment, both because the police did not specifically intend it as a communication to defendant personally, and because it did not actually *guarantee* anything, but merely conveyed the idea detection was unlikely.  The police did nothing more than present to the general community a tempting opportunity to take the [car driven by the plainclothes officer].  Some persons, obviously including defendant, might have found the temptation hard to resist.  But a person who steals when given the opportunity is an opportunistic thief, not a normally law-abiding person.  Specifically, normally law-abiding persons do not take a car not belonging to them merely because it is unlocked with the keys in the ignition and it appears they will not be caught.  Defendant presented no evidence of any personal contact whatever between police and himself; certainly he could not show that the police cajoled him, gave him any enticement or guarantee, or even knew or cared who he was."  (*Ibid*.)

*Watson* is dispositive.  Like in *Watson*, there was no evidence the deputy sheriffs communicated with defendant or specifically intended their skit to be a communication with defendant.  Instead, they placed the cars in high-crime areas and merely created "a tempting opportunity to take the [car]. . . ."  (*Watson, supra*, 22 Cal.4th at p. 224.)  No evidence indicated the deputy sheriffs cajoled defendant, enticed him, or knew who he was.  (*Ibid*.)  Although *Watson* did not involve a reality television show, that distinction is irrelevant to the entrapment defense.  There was no evidence that the persons working for the television show were agents of the sheriff's department.  Even if the television crew was an agent of the sheriff's department, there was no evidence the crew had any contact with defendant, badgered, him, cajoled him, or made any promises to him.  (See *id*. at pp. 222, 224.)  Defendant fails to show an entrapment instruction was warranted.

4

*2. Sentencing*

Respondent argues that the trial court erred in staying the prison term imposed under section 667.5, subdivision (b) because it must either be imposed or stricken. (*People v. Langston* (2004) 33 Cal.4th 1237, l241 [an enhancement for a prior prison term is mandatory unless stricken].)  Defendant agrees that the prior prison term must be imposed or stricken but argues the record indicates that the trial court intended to strike it. We too agree.  The court apparently intended to strike the section 667.5, subdivision (b) prior.  The court refused to strike the prior robbery conviction expressly declining to strike it.  In contrast, with respect to the section 667.5, subdivision (b) prior, the court expressed no similar refusal to strike the one-year enhancement.  We therefore modify the judgment to reflect the court's intent to strike the section 667.5, subdivision (b) prior.

Respondent also argues that the $200 parole revocation fine, which was stayed should have instead been $240.  Defendant does not dispute this contention and we agree. The parole fine must be in the same amount as the restitution fine which was $240.  (Pen. Code, § 1202.45, subd. (a).)  The parole fine (which was stayed) must be modified to $240.

## DISPOSITION

The judgment is modified to reflect (1) a parole fine was in the amount of $240 and (2) that the section 667.5, subdivision (b) enhancement is stricken.  In all other respects the judgment is affirmed.


                                                           FLIER, J.

WE CONCUR:



BIGELOW, P. J.                                RUBIN, J.