[No. S115998. Aug. 16, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER SHANE LANGSTON, Defendant and Appellant.

1238

**Counsel**

Robert D. McGhie, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Janis Shank McClean, Brian R. Means, Janet E. Neeley and Sharon E. Loughner, Deputy Attorneys General, for Plaintiff and Respondent.

Jan Scully, District Attorney (Sacramento), Albert C. Locher, Assistant Chief Deputy District Attorney; George M. Palmer, Head Deputy District Attorney (Los Angeles); and David R. LaBahn for California District Attorney's Association as Amicus Curiae on behalf of Plaintiff and Respondent.

## OPINION

**CHIN, J.**—In this sentencing case, we resolve a conflict that has arisen among the Courts of Appeal regarding the proper interpretation of Penal Code section 667.5, subdivision (b) (hereafter section 667.5(b)), imposing (with exceptions not pertinent here) a consecutive one-year enhancement of the term imposed for conviction of a felony offense "for each prior separate prison term served for any felony." (All further undesignated statutory references are to the Penal Code.) Does the enhancement provision include and apply to a completed, separate prior prison term served for an *escape* (§ 4530, subd. (b))? In other words, if the defendant is reimprisoned on the term he was serving at the time of the escape, and given an additional, consecutive term for the escape itself, is the entire term of imprisonment, interrupted by the escape, considered *one* separate prison term or *two*?

Consistent with several other cases that have considered this question, we conclude that a prior separate prison term for escape should be treated no differently than any other prior prison term served for a felony offense, and thus should qualify for the one-year enhancement under section 667.5(b). We will reverse the judgment of the Court of Appeal, which reached a contrary conclusion.

## FACTS

The following facts are taken largely from the Court of Appeal opinion in this case. Defendant Walter Shane Langston was convicted by a jury of first degree burglary (§§ 459, 460, subd. (a)) and receiving stolen property (§ 496, subd. (a)). The trial court found defendant had served three prior prison terms within the meaning of section 667.5(b). The trial court imposed the upper term of six years for the burglary, the upper term of three years for the receipt of stolen property to be stayed pursuant to section 654, and three consecutive one-year terms for the prior prison terms with one of those terms stayed pursuant to section 667.5, subdivisions (d) and (g), for an aggregate prison term of eight years.

Although the court imposed the one-year enhancements for defendant's 1992 and 1999 prior prison terms, it stayed the one-year enhancement as to the prior prison term for defendant's 1994 escape conviction "pursuant to section 667.5 [subdivisions (d) and (g)]." The court stayed the enhancement because, although it found the escape conviction was "a legitimate conviction in that he was convicted of the offense on the date indicated on the count," and that he did serve the state prison sentence, it was unclear whether the term was separately served under section 667.5(b). The Court of Appeal modified the judgment to strike the enhancement and, as modified, affirmed the judgment. We granted the Attorney General's petition for review. As indicated, we will reverse the Court of Appeal.

## DISCUSSION

■ Section 667.5, subdivisions (b), (d), and (g), each requires that, in order to qualify for the enhancement, the prior prison terms must have been served separately. The question presented in this case is whether defendant's completed prison term for escape from prison is a separately served prison term within the meaning of section 667.5(b). For the reasons that follow, we conclude it is.

■ Section 667.5(b) provides for an enhancement of the prison term for a new offense of one year for each "prior separate prison term served for any felony," with an exception not applicable here involving a prior five-year commitment "washout" period of freedom from custody and further felony offenses. Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken. (See *People v. Jones* (1992) 8 Cal.App.4th 756, 758 [10 Cal.Rptr.2d 502]; *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1122–1123 [231 Cal.Rptr. 387].)

Section 667.5, subdivision (d), provides: "For the purposes of this section, the defendant shall be deemed to remain in prison custody for an offense until the official discharge from custody or until release on parole, whichever first occurs, including any time during which the defendant remains subject to reimprisonment for escape from custody or is reimprisoned on revocation of parole. The additional penalties provided for prior prison terms shall not be imposed unless they are charged and admitted or found true in the action for the new offense."

Subdivision (g) of section 667.5 contains the rather confusing language at issue in this case. That subdivision provides: "A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any

reimprisonment on revocation of parole which is not accompanied by a new commitment to prison, *and including any reimprisonment after an escape from incarceration.*" (Italics added.)

Does the italicized language mean that, unlike other prior separate prison terms, a consecutive prison term served for escape does not receive an enhancement under section 667.5(b) because it is deemed included in the term interrupted by the escape? Believing that such an interpretation would lead to absurd or illogical results, we conclude otherwise.

In reaching its contrary conclusion, the Court of Appeal in this case reasoned that "the plain language of [section 667.5,] subdivision (g) indicates that after a defendant is committed to state prison, additional concurrent or consecutive sentences imposed in the same or subsequent proceedings are deemed to be part of the same prison term, *including* any reimprisonment after an escape from incarceration. [Citation.] The statute does not distinguish between reimprisonments after escape which are and are not accompanied by a new commitment." To the contrary, we think the Court of Appeal's interpretation of section 667, subdivision (g), would fail to promote the Legislature's clear purpose to impose a one-year enhancement for all separately served prior prison terms.

■ As we explain below, we discern no legislative intent to include within the original prison term any *additional but separate* term resulting from the escape, as opposed to a continuation of the original term following reimprisonment for escape. In other words, by reason of section 667, subdivision (g), the defendant's original interrupted term is not deemed separate and apart from the *remaining* term that must be completed following his reimprisonment. But the section would not include the consecutive time served for the escape itself, because new crimes committed while in prison are treated as separate offenses and begin a new aggregate term. (*People v. Carr* (1988) 204 Cal.App.3d 774, 780–781 [251 Cal.Rptr. 458] (*Carr*); *People v. White* (1988) 202 Cal.App.3d 862, 867–871 [249 Cal.Rptr. 165] (*White*); see *People v. Walkkein* (1993) 14 Cal.App.4th 1401, 1409–1410 [18 Cal.Rptr.2d 383] (*Walkkein*); *People v. Cardenas* (1987) 192 Cal.App.3d 51, 59 [237 Cal.Rptr. 249] (*Cardenas*).)

■ The foregoing construction is consistent with section 1170.1, subdivision (c), stating that consecutive sentences imposed for additional crimes *committed in prison* are deemed to commence when the prisoner would otherwise have been released. That section provides in pertinent part: "In the case of any person convicted of one or more felonies committed while the person is confined in a state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively

or the court imposes consecutive terms, *the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison.*" (*Ibid.*, italics added.) Given the language of section 1170.1, subdivision (c), a reasonable interpretation of the statutory scheme is that under section 667.5, subdivision (g), the defendant's original interrupted term is not deemed separate and apart from the remaining term that must be completed following his rearrest and reimprisonment.

■ The Court of Appeal noted, however, that "section 1170.1 was not specifically enacted to assist in the interpretation of separately served prison terms for purposes of section 667.5. Moreover, since the enhancement must be found true within the meaning of section 667.5 and subdivision (g) specifically addresses the definition of a prior separate prison term for reimprisonment after an escape, we believe the express language in section 667.5 must prevail." The Court of Appeal did recognize "the apparent dichotomy between the definition of a separately served term for escape under sections 667.5 and 1170.1." The court noted that "Escape from prison, whether or not by force or violence, results by law in the imposition of a consecutive sentence. (§ 4530, subds. (a) & (b).) Statutorily, one convicted of escape from prison in violation of section 4530 comes within the express provisions of section 1170.1, subdivision (c), 'which requires the term for escape be treated as a *separate and additional* term to be served consecutive to the remainder of the term under which the person convicted was already confined.' (*People v. Galliher* (1981) 120 Cal.App.3d 149, 153 [174 Cal.Rptr. 467], original italics [referencing former § 1170.1, subd. (b) which was redesignated subd. (c) by the 1982 amendment].)"

As noted, prior appellate decisions support our proposed interpretation of section 667.5, subdivision (g). Thus, *Cardenas* noted that it was "inconceivable the Legislature intended a defendant's subsequent crimes be exempt from recidivist enhancement merely because the offense was committed inside prison walls." (*Cardenas, supra*, 192 Cal.App.3d at p. 60.) Accordingly, *Cardenas* held that, to avoid absurd results, sections 667.5(b) and 1170.1, subdivision (c), must be construed together as providing for "similar treatment of new felony offenses whether committed in or out of prison." (*Cardenas, supra*, 192 Cal.App.3d at p. 60.) Similarly, *Walkkein* observed that the purposes of these sections would be ignored if "persons who re-offend in prison received a lesser penalty than persons who re-offend 'on the outside.'" (*Walkkein, supra*, 14 Cal.App.4th at p. 1410.)

*Carr, supra*, 204 Cal.App.3d at pages 780–781, seems most apposite. There, the defendant argued that the prison sentence on his prior burglary conviction and the consecutive sentence on his later escape conviction

constituted but a single prison term under section 667.5, subdivision (g). The *Carr* court disagreed, observing that, "at first blush, the last clause of section 667.5(g) . . . might seem to support Carr's argument. Read in context, however, it is clear that language is intended to refer only to that portion of the original prison term for which the defendant is *re*imprisoned following the escape. Any new prison sentence imposed on a new escape conviction would not constitute reimprisonment within the meaning of subdivision (g)." (*Carr, supra,* 204 Cal.App.3d at p. 780, fn. 8.) *Carr* relied on the foregoing language of section 1170.1, subdivision (c), and reasoned that the escape term is a separate, " 'continuous completed' " term, which is available for enhancement under section 667.5. (*Carr, supra,* at p. 780.)

The court in *White, supra,* 202 Cal.App.3d at pages 867–871, applied similar reasoning to reach the same conclusion that reimprisonment after conviction for escape fell within the provisions for enhancement under section 667.5(b). The *White* court reasoned: "We believe our conclusion is consistent with the legislative intent to provide additional punishment for the recidivist, regardless of whether he commits a new felony inside prison or on the outside. Society is at a greater risk from a hardened criminal and the protection of society warrants harsher punishment for the habitual offender. [Citation.] It would indeed be an unfortunate anomaly if the defendant who escaped one day before his sentence was completed could avoid the application of section 667.5(b) because he was serving a prison term while his confederate who waited until his lawful release two days later before committing a new felony was subject to increased punishment for the prior convictions. To treat the in-prison recidivist more leniently than the out-of-prison recidivist is contrary to the legislative purpose underlying increased punishment for the habitual offender. [Citation.]" (*White, supra,* at pp. 870–871.)

The present Court of Appeal disagreed with *Carr* and *White*, relying in part on legislative history showing that, as originally enacted (Stats. 1976, ch. 1139, § 268, p. 5139), section 667.5, subdivision (g), read as follows: "A continuous completed period of prison incarceration imposed for the particular offense alone or in combination with sentences for other counts or sentences to be served concurrently or consecutively therewith including any reimprisonment on revocation of parole *or new commitment for escape from such incarceration* shall be deemed a single prior separate term for the purposes of this section." (Italics added.) As the Court of Appeal viewed it, "the Legislature then amended section 667.5, subdivision (g) in Statutes 1977, chapter 165, section 13, page 644, to its current form, to differentiate between a mere revocation of parole and the revocation of parole which is accompanied by a new commitment. (See *In re Kelly* (1983) 33 Cal.3d 267, 271 [188 Cal.Rptr. 447, 655 P.2d 1282] [(*Kelly*)].) The purpose of the

amendment was to provide for an enhancement when a prisoner is returned to prison on revocation of parole and, at the same time, is incarcerated for a new offense. (*Ibid.*)"

Dicta in our 1983 *Kelly* decision supports the Court of Appeal's holding, although that decision does not appear to have recognized the full significance of the new language added by the 1977 amendment. *Kelly* properly rejected the defendant's argument that despite his parole violation and new commitment for offenses while on parole, he had not served a "prior separate prison term" within section 667.5, subdivision (g), because he essentially had been serving one continuous prison term. (*Kelly, supra*, 33 Cal.3d at p. 269.) *Kelly* stressed the absence of language in the section indicating that commitment for a new offense while on parole would not constitute a separate term for enhancement purposes. The court noted in dictum that, unlike the provision regarding parole revocation, "the 1977 amendment did not intrinsically change the phrase referring to reimprisonment after escape, which now reads: '. . . and including any reimprisonment after escape from such incarceration.' The only difference is that this phrase is no longer interrupted by the parole revocation wording. *There is no qualifying phrase such as 'which is not accompanied by a new commitment to prison.'* . . . It is obvious . . . that the Legislature intended to differentiate between the escape and parole situations (and amend one and not the other)." (*Kelly, supra*, 33 Cal.3d at p. 271, fn. 4, italics added.)

Thereafter, in explaining the application of section 667.5, subdivision (g), in a parole revocation context, the *Kelly* court seemingly approved language in a Community Release Board regulation to the effect that, " '[i]f the person was returned to prison to finish term [*sic*], for a parole violation or with a new commitment for escape, the period will count as a single prior prison term.' " (*Kelly, supra*, 33 Cal.3d at p. 276.)

*Kelly* involved the application of the one-year enhancement in section 667.5(b) to offenses *committed on parole*, and accordingly its references to escapes were dicta which we now reexamine and must disapprove. The Court of Appeal in the present case found the *Kelly* dicta "well reasoned and persuasive." But as the Attorney General observes, a closer examination of the 1977 amendment leads to the conclusion that *Kelley* erred in suggesting this amendment "did not intrinsically change the phrase referring to reimprisonment after escape . . . ." (*Kelley, supra*, 33 Cal.3d at p. 271, fn. 4.) *Kelly* seemingly overlooked the fact that the 1977 amendment deleted the phrase "new commitment for escape from such incarceration," and substituted the qualitatively different term "any reimprisonment after an escape." (§ 667.5, subd. (g), as amended by Stats. 1977, ch. 165, § 13, p. 646.) As *Carr* and *White* each holds, this substitution should preclude us from construing section

667.5, subdivision (g), as including the separate prison term served for escape within the "continuous completed period of prison incarceration" contemplated by that section. In other words, reimprisonment may result in a continuation or renewal of the term interrupted by the escape, but it does not encompass the additional separate term to be served for the escape itself.

■ Thus, we construe the statutory phrase "including any reimprisonment after an escape from incarceration" in section 667.5, subdivision (g), as referring to the completion of the original term of imprisonment, but *not* to *the new term of imprisonment imposed for escape.* We think this interpretation is fully consistent with, and indeed effectuates, *Kelly*'s view that the term "continuous completed period of prison incarceration" in section 667.5, subdivision (g), is equivalent to the stated prison commitment for the particular offense at issue. (*Kelly, supra,* 33 Cal.3d at p. 270.)

■ Defendant relies on section 1170.1, subdivision (a), requiring imposition of an aggregate term of imprisonment for all consecutive felony convictions, whether in the same proceeding or later, "[e]xcept as otherwise provided by law." But as the Attorney General observes, this subdivision is inapplicable to in-prison offenses, which are governed by section 1170.1, subdivision (c), requiring the term of imprisonment for such offenses to "commence from the time the person would otherwise have been released from prison," i.e., after completion of the original term.

## DISPOSITION

We conclude the Court of Appeal erred in striking the enhancement for defendant's 1984 escape conviction. To the extent it is inconsistent with our opinion, we overrule *In re Kelly, supra,* 33 Cal.3d 267. The judgment of the Court of Appeal is reversed and the cause remanded for further proceedings consistent with this opinion.

George, C. J., Baxter, J., Werdegar, J., Brown, J., and Moreno, J., concurring.

**KENNARD, J.,** Dissenting.—A defendant who is convicted of a felony and who has previously served time in prison is subject to a one-year sentence enhancement. (Pen. Code, § 667.5.)[1] Irrespective of the number of prior convictions, only one enhancement can be imposed if the defendant was in prison for the prior felonies during a single "continuous completed period of prison incarceration." (§ 667.5, subd. (g).) That period includes "any reimprisonment after an escape from incarceration." (*Ibid.*)

---

[1] All further statutory references are to the Penal Code.

Here, while in prison for a felony conviction (petty theft with a prior theft-related conviction), defendant escaped. He was caught, was convicted of felonious escape, and was returned to prison to complete his sentence for theft and to serve his sentence for escape. After his release he was convicted of yet another felony. The majority holds that two one-year enhancements under section 667.5 can be imposed: One for the theft, the other for the escape.

I disagree. Defendant served his prison sentence for theft and his sentence for escape at *the same time*. Consequently, under this court's decision in *In re Kelly* (1983) 33 Cal.3d 267 [188 Cal.Rptr. 447, 655 P.2d 1282] (*Kelly*), defendant was subject to only a single one-year sentence enhancement.

## I

In 1976, the Legislature enacted section 667.5 as part of the new determinate sentencing law. Subdivision (b) of that statute states that a defendant is subject to a one-year sentence enhancement for every "prior separate prison term" served. The phrase "prior separate prison term" is defined in subdivision (g) of section 667.5. The meaning of that definition is at issue here.

When originally enacted in 1976, section 667.5, subdivision (g), said: "A continuous completed period of prison incarceration imposed for the particular offense alone or in combination with sentences for other counts or sentences to be served concurrently or consecutively therewith including *any reimprisonment on revocation of parole or new commitment for escape from such incarceration* shall be deemed a single prior separate term for purposes of this section." (Stats. 1976, ch. 1139, § 268, p. 5139, italics added.) Thus, a prison sentence for an escape was not a separate term but part of the original incarceration, and therefore not subject to a separate one-year sentence enhancement. The Attorney General does not contend otherwise, and the majority appears to concede that this is so. (Maj. opn., *ante*, at pp. 1245–1246.)

In 1977, the Legislature amended section 667.5's subdivision (g) to provide: "A prior separate prison term for the purposes of this section shall mean a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, *including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison*, and *including any reimprisonment after an escape from incarceration*." (Italics added.) Did the amendment change the Legislature's declaration the previous year that a sentence for escape from prison is part of the original incarceration? "No," was the unanimous answer of this court in 1983 in *Kelly, supra*, 33 Cal.3d 267.

The purpose of the 1977 amendment, *Kelly* said, was not to change the rule pertaining to escapes, but to revise the rule concerning parole revocations, which are also discussed in section 667.5's subdivision (g). *Kelly* explained: "The Legislature . . . amended . . . subdivision (g) . . . to *differentiate* between a mere revocation of parole, and the revocation of parole which is accompanied by a new commitment. It must be inferred that the Legislature desired the revocation accompanied by a new commitment *not* to count in the 'period of prison incarceration' for the offense for which parole was revoked; instead, this *new* 'period of prison incarceration' should be counted as a *new* term based on the *new commitment*." (*Kelly, supra,* 33 Cal.3d at p. 271.)

"In contrast," the court in *Kelly* continued, "the 1977 amendment *did not intrinsically change the phrase referring to reimprisonment after escape,* which now reads: '. . . and including any reimprisonment after escape from such incarceration.' The only difference is that this phrase is no longer interrupted by the parole revocation wording. There is no qualifying phrase such as 'which is not accompanied by a new commitment to prison.' . . . *It is obvious . . . that the Legislature intended to differentiate between the escape and parole situations (and amend one and not the other).*" (*Kelly, supra,* 33 Cal.3d at p. 271, fn. 4, italics added.) I agree.

## II

The majority faults *Kelly* for overlooking "the fact that the 1977 amendment deleted the phrase 'new commitment for escape from such incarceration,' and substituted the qualitatively different term 'any reimprisonment after an escape.' " (Maj. opn., *ante,* at p. 1245.) According to the majority, the latter phrase, unlike the original version of section 667.5's subdivision (g), applies only to a reimprisonment that is unaccompanied by a new prison sentence for escape. This is a strained reading of the statutory language. This court had it right in 1983 in *Kelly,* when it construed the 1977 amendment as indicative of the Legislature's intent "to differentiate between the escape and parole situations . . . ." (*Kelly, supra,* 33 Cal.3d at p. 271, fn. 4.) The 1977 amendment, *Kelly* said, left unchanged the Legislature's original declaration in 1976 that an escapee reimprisoned to finish his original sentence along with a new prison commitment for escape is serving a single term of imprisonment and therefore is subject only to a single one-year enhancement.

Legal commentators too have expressed that view. "Because of its close relationship to time in prison, reimprisonment for escape . . . does not start *the running of a new and separate term, but is included in the old term.* . . . Perhaps the legislature felt that treating such reimprisonment as a new term would give the sentencing judge or prosecutor too much leverage from one antisocial period in the criminal's life. Such reimprisonment is instead

included in the term from which the inmate escaped . . . ." (Cassou & Taugher, *Determinate Sentencing in California: The New Numbers Game* (1978) 9 Pacific L.J. 5, 49.)

Although it would be reasonable to subject a prison escapee to a one-year sentence enhancement separate from the enhancement for the original imprisonment, that is a policy decision for the Legislature, not this court. And that is not what the Legislature did in 1976 when it enacted subdivision (g) of section 667.5, and when it amended that provision in 1977. The 1976 enactment and the 1977 amendment of section 667.5's subdivision (g) were passed some 30 years ago, when sentence enhancements were far fewer and the prison terms imposed were much shorter than in recent times. The statutory provision at issue simply reflects the view of the Legislature at that time. One may not agree with that view, but it is not "absurd or illogical," as the majority asserts. (Maj. opn., *ante*, at p. 1242.)

I would affirm the judgment of the Court of Appeal, which struck the one-year sentence enhancement for the prior prison term served for the escape conviction.