Filed 4/4/14  P. v. Lopez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B245820 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA399073) |
| v. | |
| GABRIEL LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Michael D. Abzug, Judge.  Affirmed as modified.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Gabriel Lopez appeals from the judgment entered after a jury convicted him of burglarizing a car. We reject his contention that the trial court erred by admitting evidence of his prior burglary conviction and affirm on the merits. However, as conceded by respondent, the trial court committed certain sentencing errors and we modify the judgment to correct those errors.

## FACTS AND PROCEDURAL HISTORY

At around 1 a.m. on June 2, 2012, James Martinez saw Gabriel Lopez sitting inside Martinez's car, which was parked in front of Martinez's work place at 57th and Bandera Streets in Los Angeles. Martinez recognized Lopez as someone who frequented the area. Lopez appeared to be rummaging through the car. He then left the car carrying Martinez's sweatshirt and a book of business cards.

Martinez yelled "hey," but Lopez began walking away quickly. Martinez followed Lopez for about a block and a half and when he approached, Lopez threw the book of business cards away and dropped the sweatshirt. Lopez then ran away.

Martinez said he had locked his car and that Lopez did not have permission to be inside the car. There was no sign of forced entry or physical damage to Martinez's car, however.

Lopez was charged with one count of burglarizing an automobile. (Pen. Code, § 459.) Over a defense objection the jury heard evidence that Lopez was convicted of residential burglary in 2006. The victim of that crime testified that he saw Lopez pull out a floorboard on the building, which was where the victim both lived and worked. He saw Lopez enter, and then exit, from the opening. The victim then discovered that the money he kept inside his residence was missing. That crime occurred on the same block where Martinez's car was parked.

2

The trial court admitted the evidence under Evidence Code section 1101 because it was relevant to the issues of intent to steal and of acting pursuant to a common plan or design. Lopez contends the trial court erred.

**DISCUSSION**

1.    *Evidence Of The Prior Conviction Was Admissible*

Although evidence that a criminal defendant committed other crimes is not admissible to show his propensity to commit crimes (Evid. Code, § 1101, subd. (a)), it may be admitted if relevant to show a material fact such as identity, intent, or common plan, scheme, or design. (Evid. Code, § 1101, subd. (b); *People v. Jones* (2011) 51 Cal.4th 346, 371 (*Jones*).)[1]

There must be some degree of similarity between the charged crime and the other crime, but the degree required depends on why the evidence was presented. The least degree of similarity is needed when the evidence is offered to prove intent. (*Jones, supra*, 51 Cal.4th 371.) Lopez concedes there is sufficient similarity between the current and uncharged offenses to satisfy this test. He contends that the evidence was inadmissible because he effectively conceded intent and limited his defense to the issue of whether Martinez's truck had been locked when he entered it.[2] Lopez argues that his intent to commit theft was so obvious from the facts that evidence of his previous burglary conviction was cumulative and should not have been admitted under section 1101. For the same reason he contends that the evidence was more prejudicial than probative and should have been excluded under section 352.

---

[1]    All further undesignated section references are to the Evidence Code.

[2]    In order to prove burglary, the prosecution had to show that, in addition to the intent to commit larceny, the car was locked when Lopez entered it. (*In re James B.* (2003) 109 Cal.App.4th 862, 868.)

3

Lopez cites three decisions to support this contention: *People v. Balcom* (1994) 7 Cal.4th 414 (*Balcom*), *People v. Ewoldt* (1994) 7 Cal.4th 380 (*Ewoldt*), and *People v. Lopez* (2011) 198 Cal.App.4th 698 (*Lopez*).

In *Balcom*, the Supreme Court held that the trial court erred by admitting evidence at defendant's rape trial that he had committed a rape in Michigan several weeks earlier. Even though the defendant's not guilty plea placed in issue all elements of the charged offense, evidence of his intent to rape was unnecessary given the facts of the case: the victim testified she had been raped at gunpoint, while the defendant contended they had consensual sex and no gun was involved. Given the absence of a middle ground between these two divergent stories, the jury could not possibly conclude that the defendant lacked the intent to rape if he in fact held a gun to the victim's head. (*Balcom, supra*, at p. 422.)

In *Ewoldt*, the defendant was charged with committing lewd acts on a young girl. The Supreme Court held that the trial court erred by admitting evidence of uncharged sex offenses against the victim and her sisters because, if the jury found defendant committed the acts charged, they were so sexually explicit that his intent could not be reasonably disputed. (*Ewoldt, supra*, 7 Cal.4th at p. 406.) Given the similarities between the charged and uncharged offenses, evidence of the latter was more prejudicial than probative under section 352. (*Ibid.*)

In *Lopez*, the Court of Appeal held it was prejudicial error to permit evidence of uncharged prior burglary offenses on the issue of intent at the defendant's trial on burglary charges based on the theft of two purses from the victim's home. Although the identity of the thief was hotly contested at trial, evidence of the required intent to steal was a foregone conclusion as to whomever was the thief. As a result, the trial court erred by allowing evidence of the earlier burglaries. (*Lopez, supra*, 198 Cal.App.4th at pp. 715-716.)

The key factor in all three of these cases is that intent was not an issue, either because the defendant stipulated to that issue (*Ewoldt, supra*, 7 Cal.4th at

4

p. 387), or because the facts of the crime left no doubt that the perpetrator acted with the requisite intent. This case is different because at the time of the trial court's evidentiary ruling, Lopez had not announced whether he would forego testifying on his own behalf.

At the same hearing where the admissibility of the prior conviction was argued, the trial court also agreed to allow in evidence of other convictions Lopez incurred in order to impeach him should he testify. Although defense counsel objected that the prior conviction evidence was unnecessary on the intent issue, she never went on to state that Lopez would not contest that issue, and did not advise the court that Lopez would not testify. When the victim of the earlier burglary was called to testify, she did not renew the objection and still did not advise the trial court that Lopez would not be testifying. That did not become clear until the end of the prosecution case, when the defense rested without calling a witness. Finally, although defense counsel focused her jury arguments on the locked door issue, she left open the possibility that Lopez challenged whether he was the person seen in Martinez's car, arguing that Martinez and other witnesses "allegedly" saw Lopez in Martinez's car, and also told the jury that the prosecution had to prove "each and every element of the crime charged . . . ."

In short, even though the primary issue was whether the car doors were locked, when the trial court ruled on Lopez's objection to the prior convictions evidence, it was unclear whether Lopez might testify and offer an innocent explanation for his behavior. This possibility persisted through the testimony of the victim of the earlier burglary, while even during jury arguments defense counsel made statements that sounded as if she were challenging the prosecution on all elements of the auto burglary charge.

We review the trial court's rulings to admit the evidence under sections 1101 and 352 under the abuse of discretion standard. (*People v. Harris* (2013) 57 Cal.4th 804, 841 [§ 1101]; *People v. Rocha* (2013) 221 Cal.App.4th 1385, 1397

5

[§ 352].) Based on these circumstances, we conclude the trial court did not abuse its discretion by allowing in evidence of Lopez's earlier, similar, burglary charge.

We alternatively conclude that even if error occurred, it was harmless. As Lopez contends, the true issue for the jury was whether the car doors were locked. If not, then no burglary occurred. Even if the prior conviction evidence impermissibly tilted the jury toward believing that Lopez was likely to have taken items from Martinez's car, evidence of his criminal propensity had no bearing on whether the car had been locked. The evidence on this point was in doubt: although Martinez swore he had locked the car doors, there was no evidence of a forced entry to the car, or that Lopez possessed or knew how to use a car burglar's tools. In fact, because the prior burglary conviction involved gaining entry to a structure by moving aside a loose board, the facts of that case were most unlikely to lead the jury to conclude that Lopez was capable of gaining entry to a locked car. Ultimately, the jury had to chose between Martinez's repeated testimony that the car doors were locked and the inference that they were not due to absence of signs of forced entry. Defendant's prior record could have had no bearing on the jury's task.

We therefore hold that a result more favorable to Lopez was not reasonably probable absent evidence of the prior burglary conviction. (*People v. Lindberg* (2008) 45 Cal.4th 1, 26.)

2.      *We Modify The Judgment To Correct Sentencing Errors*

After the jury reached its verdict, Lopez admitted the truth of three prior convictions, one which served as a second strike under the "Three Strikes" law, and two which qualified for the one-year sentence enhancement based on service of prior prison terms. (Pen. Code, § 667.5, subd. (b).) The trial court imposed the midterm sentence of two years for the auto burglary, which was doubled to four years under Three Strikes. The trial court believed that was a sufficient sentence

6

given Lopez's troubled childhood, and decided to stay the separate one-year enhancements under Penal Code section 667.5.

As Lopez contends and respondent concedes, this was error. The trial court could not stay the enhancement, but did have discretion to dismiss it under Penal Code section 1385. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) The parties ask that we remand the matter for a new sentencing hearing so the trial court can decide whether to impose or dismiss the two section 667.5 enhancements. However, the trial court was very clear that it did not want to tack on those extra two years and we have no doubt that it would dismiss those enhancements. Accordingly, we modify the judgment to dismiss them.

Lopez also contends, and respondent also concedes, that the trial court used the wrong formula for determining his presentence custody credits under a former version of Penal Code section 4019. Respondent acknowledges that Lopez is entitled to twice the number of custody credits awarded, but asks that we leave the task to the trial court in light of its request that we remand for resentencing on the prior prison term enhancements. Because no remand is required, we will correct the error ourselves. Accordingly, we will order the abstract of judgment amended to state that Lopez had earned 148 days of actual custody credits and 148 days of credits under Penal Code section 4019, for a total of 296 days.

## DISPOSITION

The judgment is modified to dismiss the two one-year enhancements (Pen. Code, § 667.5, subd. (b)), that were erroneously stayed. It is also modified to state that Lopez earned 148 days of actual custody credits and 148 days of Penal Code

7

section 4019 credits, for a total of 296 days of credits.  The  modified judgment is affirmed.


                                                     RUBIN, J.
WE CONCUR:


          BIGELOW, P. J.


          FLIER, J.


8