Filed 6/2/16  P. v. Richards CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN COLE RICHARDS,<br><br>    Defendant and Appellant. | 2d Crim. No. B266479<br>(Super. Ct. No. 14C-00869)<br>(San Luis Obispo County) |

John Cole Richards appeals from an order denying his Proposition 47 petition to recall his felony sentence and strike a one-year prior prison term enhancement imposed pursuant to Penal Code section 667.5, subdivision (b).[1]  The prior prison term was based upon a felony when appellant was sentenced.  It was subsequently designated a misdemeanor pursuant to section 1170.18.  We affirm because section 1170.18 does not authorize the striking of appellant's prior prison term enhancement.

*Procedural Background*

In June 2014 appellant pleaded no contest to preparing false documentary evidence in violation of section 134.  He admitted one prior prison term enhancement. (§ 667.5, subd. (b).)  The underlying felony for the enhancement was a 2007 conviction of grand theft from the person.  (§ 487, subd. (c).)  Appellant was sentenced to prison for

---

[1] All statutory references are to the Penal Code unless otherwise stated.

three years: the middle term of two years for the felony conviction plus one year for the prior prison term enhancement.

In March 2015 appellant filed a petition for resentencing pursuant to section 1170.18, subdivisions (a) and (b). The petition sought to strike the prior prison term enhancement. In June 2015 the 2007 felony conviction underlying the enhancement was designated a misdemeanor pursuant to section 1170.18, subdivisions (f) and (g).

The trial court denied the petition in a four-page ruling. The court concluded that appellant was not eligible for resentencing because his "conviction for preparing false evidence in violation of Penal Code § 134 has not been affected by the passage of Proposition 47 and remains a felony for all purposes."

*Discussion*

The petition for resentencing was pursuant to section 1170.18, subdivisions (a) and (b). Subdivision (a) provides: "A person currently serving a sentence for a conviction . . . of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section [i.e., Proposition 47] . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing" to a misdemeanor. Subdivision (b) provides: "If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

The language of subdivisions (a) and (b) of section 1170.18 makes clear that appellant is eligible for relief only if (1) he was previously convicted of a felony, (2) he is currently serving a sentence for the felony conviction, and (3) the felony is now a misdemeanor under Proposition 47. If appellant meets this criteria and does not pose an unreasonable risk of danger to public safety, his "felony sentence shall be recalled" and he shall be resentenced to a misdemeanor. (*Id.,* subd. (b).)

Appellant was convicted of preparing false documentary evidence in violation of section 134. This offense has always been a felony. Proposition 47 did not affect it. Appellant cannot be resentenced to a misdemeanor for this offense.

2

Appellant was not convicted of the prior prison term enhancement, which is neither a felony nor a misdemeanor. "Section 667.5(b) provides for an enhancement of the prison term for a new offense of one year for each 'prior separate prison term served for any felony' . . . ." (*People v. Langston* (2004) 33 Cal.4th 1237, 1241.) "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' [Citation.]" (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)

Thus, section 1170.18 does not authorize the striking of appellant's prior prison term enhancement merely because the felony conviction underlying the enhancement was designated a misdemeanor pursuant to section 1170.18, subdivisions (f) and (g). The enhancement is not a "conviction . . . of a felony" for which appellant is "currently serving a sentence." (§ 1170.18, subd. (a).) Nor was a "felony sentence" imposed for the enhancement. (*Id*., subd. (b).) In addition, appellant cannot be "resentenced to a misdemeanor" for the enhancement. (*Ibid*.)

Reduction of the underlying felony conviction to a misdemeanor does not affect the status of a prior prison term served. (*People v. Acosta* (May 31, 2016, B263849) ___ Cal.App.4th ___ [2016 Cal.App. LEXIS 437].)

In his reply brief appellant requests that we "deem that the resentencing petition below was in fact a Petition for Writ of Habeas Corpus and decide the issue on the merits." We decline to do so.

3

*Disposition*

The order denying appellant's petition to recall his felony sentence and strike the one-year prior prison term enhancement (§ 667.5, subd. (b)) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


TANGEMAN, J.

Rita Federman, Judge

Superior Court County of San Luis Obispo

_____

Melissa L. Camacho-Cheung, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.