Filed 8/8/23  P. v. Saldana CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097966 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20111630) |
| v. | |
| SILVERIO SALDANA, | |
| Defendant and Appellant. | |

In 2013, a jury found defendant Silverio Saldana guilty of possession for sale of a controlled substance (Health & Saf. Code, § 11378) and he was sentenced to 25 years to life in state prison as a three strikes offender.  At the time, the trial court stayed four prior prison term enhancements found true under Penal Code section 667.5, subdivision (b).[1]

---

[1] Further undesignated statutory references are to the Penal Code.

Defendant appealed, and we affirmed the judgment in *People v. Saldana* (Jan. 8, 2015, C074302) (nonpub. opn.).**2**

Nearly a decade later, defense counsel moved to strike the four prior prison term enhancements under section 1172.75 and requested a full resentencing under *People v. Buycks* (2018) 5 Cal.5th 857. The trial court struck the previously stayed enhancements as unauthorized, but declined to conduct a full resentencing.

On appeal, the parties agree, as do we, that the trial court erred in failing to conduct a full resentencing after striking the prior prison term enhancements. Accordingly, we shall vacate the sentence and remand for a full resentencing proceeding.

## BACKGROUND

We omit a summary of the facts underlying defendant's conviction because they are not relevant to the issue raised on appeal.

In January 2023, defendant filed a motion for resentencing under section 1172.75, which provides in relevant part that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) Defendant also requested that the trial court conduct a full resentencing hearing to revisit all its sentencing choices. The prosecution opposed the motion, arguing section 1172.75 did not apply to the stayed prior prison term enhancements.

At a hearing in February 2023, the trial court struck the previously stayed prior prison term enhancements but found that it was not permitted to conduct a full resentencing hearing under section 1172.75. The court opined that striking a stayed

---

**2** We granted the People's motion to incorporate the record in *People v. Saldana*, *supra,* C074302.

enhancement did not trigger a reopening of sentencing as would an unstayed enhancement. Defendant timely appealed.

## DISCUSSION

The parties agree the trial court was required to conduct a full resentencing hearing once it struck the stayed prior prison term enhancements, and that defendant is entitled to have the current sentencing laws applied upon his resentencing. We agree with the parties.

When defendant was originally sentenced in 2013, the trial court purported to stay the four one-year prior prison term enhancements found true under section 667.5, subdivision (b).[3] Following section 1172.75's enactment, those prior prison terms were no longer valid. (§ 1172.75, subd. (a).) While the trial court recognized that the prior prison term enhancements were legally invalid under section 1172.75 and struck them accordingly, it determined that it lacked discretion to fully resentence defendant. The court was mistaken.

Section 1172.75 expressly provides that if a judgment includes a qualifying prior prison term enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) At any such resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see also *People v. Buycks, supra,* 5 Cal.5th at p. 893 ["when

---

[3] This was error. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 [trial court required to impose or strike one-year prior prison term enhancement, but it could not stay the one-year term].)

part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) Defendant was entitled to a full resentencing under the terms of section 1172.75, including the application of "any other changes in law that reduce sentences or provide for judicial discretion . . . ." (§ 1172.75, subd. (d)(2).) To correct this error, we shall remand for a full resentencing hearing. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [defendants are entitled to sentencing decisions based on court's informed discretion; when a trial court is unaware of the scope of its discretionary powers, it cannot exercise the requisite informed discretion].)

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing consistent with section 1172.75 and all current sentencing statutes.

/s/
Duarte, J.

We concur:

/s/
Earl, P. J.

/s/
Horst, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.