Filed 12/5/23  P. v. Wyatt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098249 |
| v. | (Super. Ct. Nos. 06F7071, 07F1009) |
| RICHARD LEIGH WYATT, | |
| Defendant and Appellant. | |

Officers found defendant Richard Leigh Wyatt in possession of methamphetamine and saw him place a handgun in a car just prior to his arrest.  While defendant was in jail, deputies found a shank, a handmade syringe with a hypodermic needle, two spare needles, and two latex gloves in his cell.  Defendant's girlfriend admitted sending him drugs in prison, and defendant admitted injecting methamphetamine while in jail.

In case No. 06F7071, a jury convicted defendant of possession of a firearm by a felon and being an occupant in a car with a concealed weapon.  The trial court found that defendant had two prior strike convictions and a prior prison term.  On each count, the trial court sentenced defendant to 25 years to life in prison and imposed a one-year prior prison term enhancement under Penal Code former section 667.5, subdivision (b),[1] but it stayed the sentence on the second count.

---

[1] Undesignated statutory references are to the Penal Code.

1

In case No. 07F1009, a jury convicted defendant of possessing a controlled substance and a weapon while in custody. Again, the trial court found that defendant had two prior strike convictions and a prior prison term. It sentenced him to 25 years to life on each conviction and imposed but stayed prior prison term enhancements.[2]

In 2023, defendant filed a request for resentencing as to case Nos. 06F7071 and 07F1009, asserting that the unstayed prior prison term enhancement was no longer valid under Senate Bill No. 483 (2021-2022 Reg. Sess.), which became effective January 1, 2022. (Stats. 2021, ch. 728, §§ 2, 3; Stats. 2022, ch. 58, §§ 11, 12.) The trial court struck the unstayed prior prison term enhancement in case No. 06F7071, but declined to otherwise resentence defendant. The trial court subsequently struck the stayed prior prison term enhancements in case Nos. 06F7071 and 07F1009.

Defendant now contends the trial court should have recalled his sentence and resentenced him.[3] We agree. We will affirm the trial court's order striking the prior prison term enhancements but remand the matter with directions for the trial court to recall defendant's sentence and comply with the requirements and considerations set forth in section 1172.75, subdivisions (c) and (d).

## DISCUSSION

Defendant contends the trial court should have recalled his sentence and resentenced him. The People counter that the trial court lacked jurisdiction to enter *any* order. We will first address the jurisdictional issue.

---

[2] The imposition and subsequent stay of the enhancements resulted in an unauthorized sentence. (See, e.g., *People v. Langston* (2004) 33 Cal.4th 1237, 1241 [once the prior prison term is found true within the meaning of section 667.5, subdivision (b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken].) But this does not change our analysis and disposition.

[3] We construe the appeal as being from case Nos. 06F7071 and 07F1009 on our own motion even though defendant did not write "07F1009" on the notice of appeal form, because the order appealed from relates to both cases and the parties address both cases in their briefs.

A

At the time the trial court sentenced defendant, section 667.5, subdivision (b) required it to impose the one-year prior prison term enhancements. (Former § 667.5, subd. (b).) But those enhancements became invalid under Senate Bill No. 483. (§ 1172.75, subd. (a).)

As part of Senate Bill No. 483, the Legislature established a process to address invalid enhancements. As relevant here, subdivision (b) of section 1172.75 directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) to identify persons in its custody currently serving a term with a prior prison term enhancement and to inform the sentencing court. (§ 1172.75, subd. (b).) CDCR must do so by March 1, 2022, for individuals who have already served their base term and any other enhancements and are currently serving the invalid enhancement (§ 1172.75, subd. (b)(1)), and it must do so by July 1, 2022, for all others (§ 1172.75, subd. (b)(2)). Defendant appears to be in the second group.

Section 1172.75 requires that upon receiving the information from CDCR, the trial court shall review the judgment, verify that it includes an invalid enhancement, and if so, recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) The trial court must do this by October 1, 2022, for individuals who already served their base term and any other enhancements and are currently serving the invalid enhancement (§ 1172.75, subd. (c)(1)), and it must do so by December 31, 2023, for all others (§ 1172.75, subd. (c)(2)).

Here, although defendant filed a petition for resentencing in the trial court, the record is silent as to whether CDCR provided defendant's name to the court. The People argue that under the circumstances, the trial court lacked jurisdiction to strike the enhancement until it received defendant's information from CDCR, citing *People v. Burgess* (2022) 86 Cal.App.5th 375 (*Burgess*).

In *Burgess*, the defendant had filed his own motions to dismiss invalidated enhancements in February and March of 2022. (*Burgess, supra*, 86 Cal.App.5th at pp. 378-379.) The trial court denied the motions, concluding the defendant did not have statutory authority to bring them. (*Id.* at p. 379.) The court of appeal held that the trial court lacked jurisdiction to adjudicate the motions and the court of appeal lacked jurisdiction to consider the appeal. (*Id.* at p. 382.) The court added that in any event, section 1172.75 does not contemplate resentencing relief initiated by an individual defendant. (*Burgess,* at pp. 382-384.) According to the court, the procedure for striking an invalid enhancement and resentencing is only triggered by receipt of information from CDCR. (*Id.* at p. 384; see also *People v. Escobedo* (2023) 95 Cal.App.5th 440.)

In this case, however, we presume CDCR performed its duty because the appellate record does not establish otherwise. (Evid. Code, § 664 ["It is presumed that official duty has been regularly performed."].) On this particular record, we decline to find a lack of jurisdiction.[4]

B

We next address defendant's challenge to the trial court order. Under section 1172.75, subdivision (c), if the trial court identifies a qualifying enhancement, it shall "recall the sentence and resentence the defendant." Subdivision (d) sets forth various considerations for the resentencing and specifies that the trial court shall appoint counsel for defendant.

---

[4] Moreover, on this record it does not matter whether defendant was authorized to file his own request for resentencing. Because we presume CDCR performed its duty, the trial court had a duty under the statute as well, irrespective of defendant's petition. Although the trial court had more time in which to perform, we do not fault it for acting expediently.

Here, the trial court should have appointed counsel and addressed the requirements and considerations set forth in section 1172.75, subdivisions (c) and (d).  (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.)

DISPOSITION

The trial court's order is affirmed to the extent it struck the former section 667.5, subdivision (b) prior prison term enhancements.  The matter is remanded to the trial court with directions to recall defendant's sentence and comply with the requirements and considerations set forth in section 1172.75, subdivisions (c) and (d).

/S/
_____
MAURO, Acting P. J.

We concur:

/S/
_____
DUARTE, J.

/S/
_____
BOULWARE EURIE, J.