Filed 1/17/25  P. v. Padilla CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>AGUSTIN PADILLA,<br><br>    Defendant and Appellant. | G063560<br><br>(Super. Ct. No. 13NF0291)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan Fish, Judge. Reversed and remanded.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa

A. Mandel and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

*      *      *

In 2015, appellant Agustin Padilla pleaded guilty to carjacking (count 1; Pen. Code,[1] § 215, subd. (a)), kidnapping (counts 2 and 3; § 207, subd. (a)), and second degree robbery (counts 4 and 5; §§ 211/212.5, subd. (c)). He also admitted a prior prison enhancement. (§ 667.5, subd. (b)). Pursuant to the plea agreement, the court sentenced Padilla to 14 years and four months in prison. The court imposed and stayed a one-year sentence for the prison prior.

In 2020, the Legislature amended section 667.5, subdivision (b), to limit the imposition of one-year prior prison term enhancements to certain sexually violent offenses. (Stats. 2019, ch. 590; Sen. Bill No. 136 (2019-2020 Reg. Sess.).) The Legislature also retroactively invalidated prior prison enhancements imposed pursuant to section 667.5, subdivision (b), unless the term related to certain violent sex offenses. (§ 1172.75, subd. (a).)

Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5 . . . is legally invalid." (§ 1172.75, subd. (a).) The statute requires the Secretary of the Department of Corrections and Rehabilitation to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement in subdivision (a) and [to] provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).)

---

[1] All further statutory references are to the Penal Code.

If the sentencing court determines that a defendant's sentence "includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The court must sentence the defendant to "a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).)

In 2023, the California Department of Corrections and Rehabilitation (CDCR) notified the trial court that Padilla's "name and case number appear on the [resentencing] list provided by the CDCR to the Court, District Attorney, and Public Defender." Because Padilla's sentence on the prior prison term enhancement was imposed and stayed, as opposed to imposed and executed, the trial court declined to recall Padilla's sentence and to resentence him. Padilla claims error. We agree and therefore reverse.

DISCUSSION

Since section 1172.75's enactment, a split of authority has developed as to whether a prior prison enhancement that was imposed but stayed entitles a defendant to resentencing. The majority of courts that have analyzed the issue have held that it does. (See e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 316-317, review granted Feb. 21, 2024, S283189; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1278-1279, review granted Mar. 12, 2024, S283547 (*Saldana*).) One court has held the sentence on the prior prison term enhancement must be imposed and executed to warrant resentencing. (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 48-49, review granted Feb. 21, 2024, S283169 (*Rhodius*).)

3

In this appeal, Padilla argues the Legislature's use of the phrase "'any sentence enhancement'" in section 1172.75 "logically includes stayed enhancements." We agree. Section 1172.75, on its face, applies to those defendants currently in custody and serving a sentence which "includes" a section 667.5 subdivision (b) enhancement. There is no requirement that the enhancement must have resulted in a lengthier sentence.

The Attorney General disagrees with this analysis. Relying on *Rhodius*, *supra*, 97 Cal.App.5th 38, rev. granted, the Attorney General contends that "'[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed.'" (*Id.* at p. 44.) We are not persuaded.

Section 1172.75's resentencing scheme requires a "lesser" sentence than the original. Striking that portion of the sentence which the original sentencing court stayed results in a lesser sentence because the stayed portion otherwise "remains available [for] execution [if it] becomes necessary and proper for any legally sanctioned reason." (*Saldana, supra*, 97 Cal.App.5th at p. 1278, rev. granted.)

The Attorney General urges us to review the legislative history of section 1172.75. We decline to do so because the language of the statute is not ambiguous. "'The statute's plain meaning controls [our] interpretation unless its words are ambiguous. If the plain language of a statute is unambiguous, no court need, or should, go beyond that pure expression of legislative intent.'" (*People v. Henry* (2009) 172 Cal.App.4th 530, 535.)

Finally, the Attorney General argues that the original sentencing court improperly stayed the sentence on the prior prison term enhancement, which resulted in an unauthorized sentence. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["trial court may not stay the one-year enhancement"].)

That may be true, but we need not resolve that issue because the unauthorized staying of the prison enhancement does not affect Padilla's entitlement to relief. (*Saldana, supra*, 97 Cal.App.5th at pp. 1275-1276, rev. granted.) If Padilla's original sentence included prison time for a now invalid enhancement, he is not only entitled to have that enhancement stricken, he is entitled to all relief afforded under section 1172.75, regardless of whether "his enhancement[] [was] (illegally) stayed." (*Id.* at p. 1278.)

DISPOSITION

The order dated December 15, 2023, which found Padilla ineligible for resentencing pursuant to section 1172.75 is reversed. On remand, the trial court is directed to recall Padilla's sentence and to resentence him consistent with the requirements of section 1172.75. Upon resentencing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

GOETHALS, J.

WE CONCUR:

O'LEARY, P. J.

DELANEY, J.