Filed 3/30/26 P. v. Hernandez CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084763 |
| v. | (Super.Ct.No. RIF078014) |
| CONFESOR HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with instructions.

Ariana D'Agostino, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina, Elizabeth Renner, and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

Confesor Hernandez appeals the trial court's order declining to resentence him under Penal Code section 1172.75, but striking a prison prior enhancement that had previously been imposed and stayed.[1]  Hernandez argues section 1172.75 entitles him to a full resentencing.  We reverse and remand for resentencing under section 1172.75.

BACKGROUND

In 1999 a jury convicted Hernandez of first degree murder (§ 187, subd. (a)).  Hernandez subsequently admitted two prior prison terms.  The court sentenced Hernandez to 25 years to life for the murder conviction, plus 10 years for a firearm enhancement (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)).  It also imposed one-year sentences under section 667.5, subdivision (b), for each of the prior prison terms, but ordered the "[t]ime imposed" stayed for each.

In 2011, following Hernandez's appeal, the trial court struck one of the prior prison term enhancements, stating both that it "orders Prior(s) 1 Stricken," and that the "[s]entence previously imposed is vacated as to Prior 1."

In 2023 the California Department of Corrections and Rehabilitation (CDCR) identified Hernandez, among others, as an inmate serving a sentence that contained a prior prison term enhancement, and referred him to the trial court for possible resentencing under section 1172.75.  Upon the agreement of the parties, the court incorporated by reference the reporter's transcript of another case dealing with an identical issue.  In that case the court concluded defendants serving sentences with

_____

[1]  Unlabeled statutory citations refer to the Penal Code.

2

imposed but stayed prior prison term enhancements were not eligible for resentencing under section 1172.75, following one line of cases in what was at the time a bona fide split in authority.  (See *People v. Rhodius* (2025) 17 Cal.5th 1050, 1056-1057 (*Rhodius*).)

Accordingly, the trial court determined Hernandez was not eligible for resentencing under section 1172.75, because his remaining prior prison term enhancement was imposed but stayed.  Nevertheless, because such enhancements cannot be imposed and stayed (see *People v. Langston* (2004) 33 Cal.4th 1237, 1241), and because section 1172.75 still invalidates all prior prison term enhancements, the court struck the enhancement without engaging in further resentencing.

Hernandez timely appealed.

DISCUSSION

Legislation effective at the beginning of 2020 prospectively abolished most prior prison enhancements that were previously imposed under section 667.5, subdivision (b). (Senate Bill No. 136 (2019-2020 Reg. Sess.).)  Our Legislature made that abolition retroactive in 2022 through Senate Bill No. 483 ((2021-2022 Reg. Sess.); Stats 2021, ch. 728), which enacted section 1171.1, later renumbered as section 1172.75.  The statute declares invalid most prior prison enhancements "imposed" before the enhancements were abolished, with just one exception, for defendants convicted of sexually violent offenses.  (§ 1172.75, subd. (a).)

Prior to the party's briefing, Court of Appeal authority split regarding whether section 1172.75 relief is available for defendants whose sentences include enhancements

3

that were imposed and stayed. (See *Rhodius*, *supra*, 17 Cal.5th at pp. 1056-1057.) However, after the People submitted their respondent's brief and before Hernandez submitted his reply brief, our Supreme Court addressed this split of authority in *Rhodius*, *supra*, 17 Cal.5th 1050, concluding: "[S]ection 1172.75(a) applies to enhancements that were imposed as part of the defendant's original judgment, regardless of whether the enhancement was stayed or executed. If the enhancement is no longer authorized under the current version of section 667.5(b), section 1172.75(a) renders the enhancement invalid. And the retroactive invalidation of the previously imposed enhancements in turn mandates resentencing under section 1172.75, according to the procedures set forth therein.' " (*Id.* at p. 1068.)

We are bound by *Rhodius*'s holding that section 1172.75 invalidates prison prior enhancements even where the punishment on them was stayed, and that a defendant whose sentence includes such a now-invalid enhancement must be resentenced under current law.[2]

Because we remand for resentencing, we need not address the parties' further contention that the trial court erred by not recalculating Hernandez's custody credits when it modified his sentence. Upon resentencing, the court will be required to calculate all credits Hernandez has accrued since his initial sentencing and award them against his new sentence. (See § 2900.1; *People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial

---

[2] Since we conclude Hernandez is entitled to full resentencing because of his stayed prior prison term enhancement, we need not address whether the previously stricken prior prison term enhancement would also qualify him for resentencing.

4

court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time."].)

DISPOSITION

We reverse the trial court's order denying relief under section 1172.75. We remand the matter to the trial court with directions to recall his sentence and hold a full resentencing hearing under section 1172.75, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
                                                    J.

We concur:


MILLER_____
            Acting P. J.


CODRINGTON_____
                        J.