Filed 4/30/14  P. v. Miranda CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066207 |
| v. | (Super. Ct. No. VCF263012A) |
| MARGARITA RODRIGUEZ MIRANDA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Alison E. Kaylor, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Cornell, Acting P.J., Kane, J., and LaPorte, J.[†]

[†]      Judge of the Kings Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

A jury convicted appellant, Margarita Rodriguez Miranda, of kidnapping (count 2/Pen. Code,[1] § 207, subd. (a)), robbery (count 3/§ 211), assault with force likely to cause great bodily injury (count 4/§ 245, subd. (a)(1)), dissuading a witness (count 5/§ 136.1, subd. (b)(1)), and making criminal threats (count 6/§ 422).  In separate proceedings Miranda pled no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and admitted a prior prison term enhancement in each count.  Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## PROCEDURAL AND FACTUAL HISTORY

Miranda's father passed away on January 14, 2012.  Miranda believed that M.M. had collected money for his funeral and kept it for herself.

On January 25, 2012, Miranda went to look for M.M. twice at the house in Lindsay where M.M. lived with her boyfriend, Mario Lopez, but M.M. was not home either time.  The first time, Miranda was accompanied by two people and she announced her presence there by kicking the door two or three times.  When Lopez answered the door, Miranda told him she was looking for M.M., that M.M. had taken money that was donated for Miranda's deceased father, and that she was going to beat her.

On January 26, 2012, at approximately 8:30 p.m., as M.M. rode her bicycle by Miranda's house, Miranda came out and began accusing her of stealing money collected for Miranda's deceased father.  M.M. told Miranda she had given the money to Miranda's cousin, Francisca.  Miranda then forcibly took a cell phone from M.M. and yelled out to Jose Garza.  After Garza came out of the house, he and Miranda took the bicycle and other items from M.M.  They also forcibly took M.M. into a bedroom in the house where they began hitting her on the face and head, breaking one of her teeth.

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

2

Every time M.M. screamed, Miranda would hit her on the face. Miranda also told M.M. she was not going to leave the house alive.

Eventually, Lopez arrived at Miranda's house on his bicycle and knocked on the front door. Miranda went to the door and told Lopez, "I have your ol' lady here and I'm giving her a beating." Miranda told M.M. she could leave but they would continue the matter at another time. She allowed M.M. to take her bicycle but warned her and Lopez that if either of them reported what happened to M.M., "something bigger" would happen. As M.M. and Lopez left, Miranda told Garza to take a good look at them so he could kill them if they reported the matter to the police.

Despite Miranda's threats, Lopez and M.M. walked their bicycles a few blocks to the police station. At approximately 10:42 p.m., Lindsay police officers responded to Miranda's house and arrested Miranda and Lopez. In a bedroom, they found several items belonging to M.M. including cell phones, a ring, a flashlight, a necklace, and a coin purse.

On April 17, 2012, the district attorney filed an information charging Miranda with the five counts the jury convicted her of and one count each of kidnapping to commit robbery (count 1/§ 209, subd. (b)(1)) and possession of methamphetamine (count 7). Counts 1 through 4 each charged Miranda with a great bodily injury enhancement (§ 12022.7, subd. (a)) and counts 1 through 7 each charged Miranda with a prior prison term enhancement (§ 667.5, subd. (b)).[2]

On July 16, 2012, Miranda pled no contest to possession of methamphetamine (count 7).

---

**2** Garza was charged with counts 1 through 3 and in each count with three prior prison term enhancements. He was convicted on counts 2 and 3 and admitted the three prior prison term enhancements.

On July 23, 2012, the jury found Miranda guilty on counts 2 through 6 but found the great bodily injury enhancement in counts 2 through 4 not true. Afterwards, Miranda admitted the prior prison term enhancement in each count.

On November 16, 2012, the court sentenced Miranda to an aggregate term of four years: the mitigated term of three years on her kidnapping conviction, a one-year prior prison term enhancement, a concurrent three-year term on her robbery conviction, a concurrent three-year term on her assault conviction, a concurrent two-year term on her dissuading a witness conviction, a stayed two-year term on her criminal threats conviction, and a concurrent two-year term on her possession of methamphetamine conviction. The court stayed the prior prison term enhancements in five of the counts.

Miranda's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Miranda has not responded to this court's invitation to submit additional briefing. However, our review of the record disclosed that the court erred when it imposed and stayed five prior prison term enhancements.

Each of the prior prison term enhancements Miranda admitted in counts 2 through 7 were based on her conviction on October 30, 2007, in Tulare County for possession of a controlled substance. The court purported to impose the enhancement in each count and stayed all but one of these enhancements. However, with respect to calculating a determinate sentence, "Section 1170.1, subdivision (a) starts out by stating the basic rule that when a person is convicted of two or more felonies, the total sentence consists of (1) the principal term, (2) the subordinate term, and (3) any enhancements for prior convictions. In so doing, it makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence." (*People v. Tassell* (1984) 36 Cal.3d 77, 90.) Thus, since

4

the court imposed a determinate sentence, it erred when it imposed more than one prior prison term enhancement based on the prison term Miranda served on the October 30, 2007, conviction for possession of a controlled substance. Further, a court is without authority to merely stay an enhancement, since it is mandatory unless stricken. (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241.) Thus, the court also erred when it purported to stay five prison term enhancements.

Further following an independent review of the record, we find that with the exception of the errors discussed above, no other reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is modified to strike the five prior prison term enhancements the trial court stayed. The trial court is directed to prepare an amended abstract of judgment that is consistent with this opinion and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.