Filed 11/19/20  P. v. Fletes CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B302032 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA477983) |
| v. | |
| RICHARD RANDALL FLETES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Renee F. Korn, Judge.  Affirmed with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, David A. Voet, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted Richard Randall Fletes of possession of a firearm by a felon (Pen. Code, § 29900, subd. (a)(1))[1] and possession of ammunition by a person prohibited from owning a firearm (§ 30305, subd. (a)(1)).[2]  Prior to trial Fletes admitted he had suffered a prior serious or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12) and had served two separate prison terms for felonies within the meaning of former section 667.5, subdivision (b).

Fletes was sentenced to an aggregate state prison term of seven years four months:  the upper term of three years for possession of a firearm, doubled under the three strikes law, and a consecutive term of eight months for possession of ammunition, doubled under the three strikes law.  The court did not impose a sentence for the prior prison term enhancements.

On appeal Fletes asks that we review the in camera proceeding conducted by the trial court to determine whether it properly concluded there was no discoverable material to which he was legally entitled under Evidence Code sections 1043 and 1045 and *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).  We affirm with directions to the trial court to correct

---

[1]     Statutory references are to this code unless otherwise stated.

[2]     The jury found Fletes not guilty of battery against a peace officer (§ 243, subd. (c)(2)) and was unable to reach a unanimous verdict on a charge of resisting an executive officer (§ 69, subd. (a)).  The latter charge was ultimately dismissed on the prosecutor's motion.

errors in the minute order for the sentencing hearing and the abstract of judgment.

## DISCUSSION

1. *The Trial Complied with Its Obligations Under* Pitchess

Prior to trial Fletes moved for discovery of the personnel records of Los Angeles County Sheriff Deputies Ricardo Hernandez and Joshua Jones concerning complaints or discipline involving "aggressive behavior, violence, excessive force, or attempted violence, coercive conduct, violation of constitutional rights, fabrication of charges, fabrication of evidence, fabrication of reasonable suspicion and/or probable cause, illegal search/seizure; false arrest, perjury, dishonesty, writing of false police reports, writing of false police reports to cover up the use of excessive force, planting of evidence, false or misleading internal reports including but not limited to false overtime or medical reports, and any other evidence of misconduct amounting to moral turpitude." The Los Angeles County Sheriff's Department opposed the motion. The trial court found good cause and granted the motion, limited to allegations of writing false reports, fabrication of evidence, planting of evidence, excessive force and false arrests.

At an in camera hearing on August 6, 2019 the trial court reviewed the requested records in Deputy Hernandez's and Deputy Jones's files to determine whether there were any complaints that fell within the five-year review period allowed under *Pitchess* and were relevant to Fletes's case. The court described each allegation thoroughly for the record (see *People v. Mooc* (2001) 26 Cal.4th 1216, 1229) and found no discoverable information.

3

At Fletes's request, which the Attorney General did not oppose, we have reviewed the sealed transcript of the in camera proceedings and conclude the trial court satisfied the minimum requirements in determining whether there was discoverable information. No abuse of discretion occurred. (See *People v. Townsel* (2016) 63 Cal.4th 25, 68; *People v. Mooc, supra,* 26 Cal.4th at p. 1229.)

2. *A Limited Remand Is Necessary for the Trial Court To Correct Errors in the Record*

a. *The October 22, 2019 minute order must be corrected*

During the sentencing hearing on October 22, 2019 the trial court declined to impose the two one-year sentence enhancements for Fletes's prior prison terms pursuant to former section 667.5, subdivision (b),[3] stating, "The court's not going to impose the additional two years at this time." Because the only options for the trial court were to impose the enhancements or strike them, we presume from this language the court intended to strike the section 667.5, subdivision (b), enhancements.[4] (See

---

[3] Former section 667.5, subdivision (b), in effect at the time of sentencing, provided for an enhancement of one year for each prior separate prison term served for "any felony." Effective January 1, 2020, however, the Legislature amended the statute to specify that only sexually violent offenses are subject to this enhancement. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1.)

[4] Even if the trial court's intention was unclear, the section 667.5, subdivision (b), enhancements must be stricken because the amendments to section 667.5 are retroactive. (See *People v. Jennings* (2019) 42 Cal.App.5th 664, 680 [recent amendments to section 667.5 apply retroactively to all cases not

4

*People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["[o]nce the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken"]; *People v. Brewer* (2014) 225 Cal.App.4th 98, 104 ["'[t]he trial court has no authority to stay an enhancement, rather than strike it . . . when the only basis for doing either is its own discretionary sense of justice'"]; Cal. Rules of Court, rule 4.447(b) [while a court may strike an enhancement, it may not stay an enhancement unless an unlawful sentence results].)

The minute order for the sentencing hearing, however, fails to indicate the enhancements were stricken—it does not mention the enhancements at all. Accordingly, the minute order for the October 22, 2019 sentencing hearing must be modified to state the sentences for the two one-year prior prison term enhancements pursuant to former section 667.5, subdivision (b), were stricken. (See *People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2 [record of court's oral pronouncement controls over clerk's minute order]; *People v. Mitchell* (2001) 26 Cal.4th 181, 186-187 [appellate court may order correction of clerical errors on its own motion or upon application of the parties].)

b. *The abstract of judgment must be corrected*

Despite having been convicted by a jury for possession of a firearm and ammunition, the abstract of judgment indicates Fletes pleaded guilty or no contest to the charges. Fletes contends, the Attorney General concedes, and we agree, the trial

---

yet final as of their effective date]; see also *In re Estrada* (1965) 63 Cal.2d 740.)

court must amend the abstract of judgment to state Fletes was convicted by a jury.

## DISPOSITION

The judgment is affirmed. The superior court is directed to modify the minute order for the October 22, 2019 hearing and to prepare a corrected abstract of judgment in accordance with this opinion. The corrected abstract of judgment is to be forwarded to the Department of Corrections and Rehabilitation.


PERLUSS, P. J.


We concur:


SEGAL, J.


FEUER, J.


6