Filed 8/21/24  P. v. Campbell CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B329622 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA013988) |
| v. | |
| MAURICE CORNELL CAMPBELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Vacated and remanded.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Maurice Cornell Campbell (defendant) appeals the order denying recall of his sentence and resentencing after the Department of Corrections and Rehabilitation (CDCR) identified him as a person serving an invalid sentence pursuant to Penal Code section 1172.75.[1] Defendant contends the trial court was required to recall his sentence and conduct full resentencing under current law.  We agree.  We therefore vacate the denial order and remand for recall and resentencing under current law in accordance with section 1172.75.

## BACKGROUND

In 1993, defendant was convicted of two counts of attempted murder (§§ 664/187, subd. (a)) (counts 1 and 2), and two counts of assault on a peace officer with a semiautomatic rifle (§ 245, subd. (d)(2)) (counts 3 and 4).  As to counts 1 and 2, the jury found true two firearm enhancements (§ 12022.5, former subd. (b)(2)), as well as the allegation that the attempted murders were willful, deliberate and premeditated.  Defendant admitted three prior convictions pursuant to section 667.5, former subdivision (b).  Defendant was sentenced to life with the possibility of parole on count 1, plus five years for the firearm enhancement, and a concurrent term of life with the possibility of parole on count 2, plus five years for the firearm enhancement. The court stayed the remaining counts and the three prior prison term enhancements.  The judgment was affirmed in *People v Campbell* (Apr. 3, 1995, B081976) (nonpub opn.).

---

[1]	All further unattributed code sections are to the Penal Code unless otherwise stated.

2

On October 31, 2022, the CDCR identified this case pursuant to former section 1171.1, now 1172.75, and notified the superior court so it could review defendant's sentence for invalid enhancements imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b).  If necessary, the sentence could be recalled, and defendant could be resentenced.  (§ 1172.75, subds. (a), (c); see Stats. 2022, ch. 58, § 12.)

On November 2, 2022, the matter was transferred to the trial court.  Although section 667.5, subdivision (b) enhancements were included in defendant's judgment, the trial court declined to recall defendant's sentence.  Without a hearing or the appointment of counsel, the trial court denied recall of defendant's sentence.

On July 6, 2023, defendant filed a notice of appeal from the trial court's order.[2]

## DISCUSSION

Defendant contends that under the plain language of section 1172.75 the trial court was required to recall his sentence and conduct a full resentencing hearing.

When defendant was sentenced in 1993, section 667.5, former subdivision (b) required the imposition of a one-year enhancement for each finding of a separate prior prison or county jail term served by the defendant, unless the defendant had remained free of custody for at least five years.  (*People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 (*Renteria*).)  Effective January 1, 2020, the Legislature amended the statute to impose

---

[2] This court granted defendant's application to file a late notice of appeal.

a one-year enhancement only for each prior term served for a conviction of a sexually violent offense. (Stats. 2019, ch. 590, § 1.) Two years later, the Legislature added section 1171.1 making the change retroactive, declaring that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (Former § 1171.1, subd. (a), added by Stats. 2021, ch. 728, § 3, now § 1172.75, subd. (a).)

Section 1172.75, subdivision (b) requires the Secretary of the CDCR to identify to the sentencing court any person in custody "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." Under section 1172.75, subdivision (c), if the sentencing court finds the judgment includes a now-invalid prior prison term enhancement, "the court shall recall the sentence and resentence the defendant." Section 1172.75, subdivision (d)(1) further provides that resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." In no event shall resentencing "result in a longer sentence than the one originally imposed." (*Ibid*.) Subdivision (d)(2) of section 1172.75 further requires the sentencing court to "apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

The trial court's reasons for denying recall here are set forth in the minutes of the section 1172.75 hearing. The trial court found the judgment included three enhancements pursuant

4

to section 667.5, subdivision (b) that were stayed, and "[t]he abstract of judgment reflects that '0' time was imposed for the 667.5(b) prior[s]." The court concluded "[s]ince no time was 'imposed' for the 667. 5(b) prior[s] in this case, there is no need for this court to take remedial action."

The People contend the trial court correctly concluded that the terms of section 1172.75 do not entitle defendant to resentencing because the sentencing court merely stayed the enhancements and did not "impose" and stay the enhancements. The People refer to the trial court's minutes, which includes the following: "Sentence is stayed as to Counts 3 [and] 4 and to all priors." The People also refer to the abstract of judgment, which lists the three prison prior enhancements of section 667.5 subdivision (b), indicating they were charged and found true. Under the heading "Yrs or 'S'" on the preprinted abstract form there appears an "S" and under "Total," a zero.[3] When prior prison term enhancements are included in the abstract of judgment and then stayed as in this case, the enhancements have been imposed and stayed. (See *Renteria, supra*, 96 Cal.App.5th at p. 1282.)

Since the publication of *Renteria*, the Courts of Appeal have split over whether section 1172.75 permits resentencing for defendants whose judgments include stayed prior prison term enhancements under section 667.5, former subdivision (b). The issue is now before the California Supreme Court in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*); *People v. Christianson* (2023) 97

---

[3]    The reporter's transcript of the sentencing hearing is unavailable.

Cal.App.5th 300, review granted Feb. 21, 2024, S283189 (*Christianson*); and *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted March 12, 2023, S283547 (*Saldana*).

The People contend that as the sentencing court was not authorized to stay the section 667.5, subdivision (b) enhancements,[4] they should simply be stricken without remand for resentencing pursuant to section 1172.75. The People also urge us to follow *Rhodius*, in which the Fourth District determined that "[i]n order to harmonize section 1172.75, subdivision (d)(1)'s requirement with section 1172.75[,] subdivision (a), the meaning of 'impose' must be interpreted to mean 'imposed and executed.'" (*Rhodius, supra*, 97 Cal.App.5th at p. 44, review granted.) That court held defendants with stayed prior prison term enhancements are not entitled to recall and resentencing under section 1172.75, reasoning "[t]o interpret 'imposed' as used in section 1172.75, subdivision (a), to include when a sentence was 'imposed and stayed' would require any sentencing court faced with an 'imposed and stayed' enhancement to arbitrarily lower a sentence [pursuant to subdivision (d)(1)] simply because the judgment contained a stayed enhancement." (*Rhodius*, at p. 44.) *Rhodius* concluded that any interpretation of the meaning of "'impose'" other than "'imposed and executed'" "would cause disharmony between subdivision (a) and subdivision (d)(1) of section 1172.75." (*Ibid*.)

Defendant agrees such enhancements should have been stricken, but urges we follow *Renteria* (not cited in *Rhodius*) as well as the two cases also now before the California Supreme Court, *Saldana, supra*, 97 Cal.App.5th 1270, review granted, and

---

[4] See *People v. Langston* (2004) 33 Cal.4th 1237, 1241.

*Christianson, supra*, 97 Cal.App.5th 300, review granted. *Saldana* and *Christianson* rejected the view expressed in *Rhodius* that striking the enhancements could not result in a lesser sentence as required in subdivision (d)(1) of section 1172.75.  As noted in *Saldana*, "The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."  (*Saldana*, at p. 1278.) "'Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential.'"  (*Ibid.*, quoting *Christianson,* at p. 312.)

As the *Christianson* court explained, "the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5, subdivision (b) enhancement.  We see no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancement[] and those for whom the enhancement was imposed but stayed.  In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson, supra*, 97 Cal.App.5th at p. 315, review granted.)  We agree, and join the growing majority of Courts of Appeal in concluding that, unless the sentencing court struck the enhancement altogether, it remains "imposed" for purposes of relief under section 1172.75.

7

**DISPOSITION**

The November 2, 2022 order declining recall and resentencing defendant is vacated, and the case is remanded for recall of the sentence and full resentencing pursuant to Penal Code section 1172.75. We express no view how the superior court should exercise its sentencing discretion upon remand.

_____
CHAVEZ, J.

We concur:


_____
LUI, P. J.


_____
ASHMANN-GERST, J.