Filed 10/4/24  P. v. Martinez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083101 |
| v. | (Super.Ct.No. RIF116615) |
| ALEJANDRO MARTINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Kathryn A. Kirschbaum and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant Alejandro Martinez appeals from a trial court's order finding him ineligible for resentencing under Penal Code[1] section 1172.75. He argues the trial court erred in denying him a full resentencing under section 1172.75. We agree and reverse.

## PROCEDURAL BACKGROUND

A jury convicted defendant of aggravated mayhem (§ 205, count 1), assault with a deadly weapon (§ 245, subd. (a)(1), count 2), and active participation in a criminal street gang (§ 186.22, subd. (a), count 3), and it found true the allegation that he committed count 2 for the benefit of a criminal street gang (§ 186.22, subd. (b)). The trial court found true the allegation that defendant had suffered one prior prison term (§ 667.5, subd. (b)). The court sentenced him life with the possibility of parole on count 1, and three years on count 2, plus five years on the gang enhancement, and eight months on count 3. The court imposed one year on the prison prior and stayed the punishment.

After the enactment of Senate Bill No. 483 (2021-2022 Reg. Sess.), the California Department of Corrections and Rehabilitation (CDCR) identified defendant as

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

an inmate who was serving a sentence that included a prison prior enhancement under section 667.5, subdivision (b), which might no longer be valid under section 1172.75.[2]

On December 21, 2023, the court held a hearing. The parties were present, but there was no court reporter present. The minute order reflects the following: "The Court finds that the defendant is not eligible for resentencing under section 1172.75(d) and the Defendant's motion for resentencing is denied."[3]

## DISCUSSION

### The Order Finding Defendant Ineligible for Resentencing is Reversed

Defendant argues the trial court erred in determining he was not entitled to resentencing under section 1172.75, subdivision (d). He contends that section 1172.75 should be construed to require a full resentencing since his sentence included a now invalid section 667.5, subdivision (b) enhancement, even though the punishment on the enhancement was stayed. The People argue that resentencing under section 1172.75 applies only to defendants with a prior prison term enhancement that was imposed and executed. We conclude the court erred in finding defendant ineligible for

---

[2] On the court's own motion, we augmented the record in this case to include the CDCR list dated June 16, 2022. Defendant is listed on page 22 of that document. (See order filed on August 15, 2024, and attached exhibits.)

[3] Although the minute order reflects the court denied defendant's motion, the record does not contain a resentencing motion. Furthermore, as noted, the CDCR included defendant on its list of inmates that fell within the provisions of section 1172.75. Thus, we will assume the matter was properly before the court and that defendant requested a full resentencing.

relief under section 1172.75.  Thus, we reverse the denial order and remand for a full resentencing.

A.  *Standard of Review*

"The proper interpretation of a statute is a question of law we review de novo." (*People v. Lewis* (2021) 11 Cal.5th 952, 961.)  Our fundamental task in construing a statute "is to ascertain the Legislature's intent so as to effectuate the law's purpose.  [Citation.]  We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning."  (*People v. Mendoza* (2000) 23 Cal.4th 896, 907 (*Mendoza*).)  "[W]e look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . . [Citation.]'"  (*Id*. at pp. 907-908.)  "We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'"  (*Id*. at p. 908.)

B.  *Relevant Law*

Prior to January 1, 2020, section 667.5, subdivision (b), required a sentencing court to impose a one-year sentencing enhancement "for each prior separate prison term" served by the defendant, unless the defendant remained free from both felony convictions and incarceration in prison for a period of five years following release from prison. (Former § 667.5, subd. (b).)  This sentencing enhancement is commonly known as a prison prior enhancement.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) limited a sentencing court's ability to impose a prison prior enhancement only to those cases in

4

when the defendant's past convictions were for certain specified sexually violent offenses.  (Stats. 2019, ch. 590, § 1.)

In 2021, the Legislature approved Senate Bill No. 483 for the stated purpose of "ensur[ing] equal justice and address[ing] systemic racial bias in sentencing" by "retroactively apply[ing] . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for [a] repealed [prison prior] sentence enhancement[]." (Stats. 2021, ch. 728, § 1.)  To achieve this objective, Senate Bill No. 483 added section 1171.1 to the Penal Code, a statutory provision that was subsequently renumbered to section 1172.75 without substantive change.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)  For purposes of this opinion, we will refer to this provision as section 1172.75.

Section 1172.75 prescribes the procedure for resentencing affected defendants. Subdivision (a) states, "[a]ny sentence enhancement that was imposed prior to January  1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)  The Secretary of the CDCR and the county correctional administrator must first identify those persons in their custody currently serving a term for a judgment that includes an enhancement no-longer-valid under subdivision (a), and then provide certain information about those individuals to the sentencing court that imposed the enhancement.  (§ 1172.75, subd. (b).)  Subdivision (c) instructs the court, upon receipt of such information, to "review the judgment and verify that the current

5

judgment includes a sentencing enhancement described in [section 1172.75,] subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d), outlines the procedure applicable to the resentencing proceeding. It states that "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing . . . shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Subdivision (d) requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) It also directs the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

C. *Defendant is Entitled to a Full Resentencing*

The dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence enhancement pursuant to section 667.5, subdivision (b) that was imposed and stayed for a non-sexually-violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75." (*People v. Christianson* (2023) 97 Cal.App.5th 300, 311 (*Christianson*), review granted Feb. 21, 2024, S283189, italics omitted.) The Courts of Appeal are divided on this question, and the issue is currently before the Supreme Court. (Compare *Christianson*, *supra*, 97 Cal.App.5th 300 [recall and resentencing is available when prison prior enhancement is imposed and stayed]; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2023, S283547 [same]; & *People v. Renteria* (2023) 96 Cal.App.5th 1276 [same], with *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169 [recall and resentencing is only available when prison prior enhancement is imposed and executed].) We agree with the *Christianson* decision, which in our view sets forth the correct statutory interpretation of section 1172.75. (See *Christianson*, at pp. 311-315.)

Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment which includes a section 667.5, subdivision (b) enhancement imposed before January 1, 2020, is entitled to a full resentencing hearing. The court in *Christianson* explicated that, "[o]n its face, the word 'imposed,' in this

7

context, is at least somewhat ambiguous. As our high court has explained, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those that are "imposed and then *stayed*. However, as a practical matter, the word 'impose' is often employed as shorthand to refer to the first situation, while the word 'stay' often refers to the latter."'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 311.) Despite this apparent ambiguity, the *Christianson* court rejected the People's claim that the Legislature intended the word "'imposed,'" as used in section 1172.75, to be limited to enhancements that were imposed *and executed*. (*Ibid.*)

Further, as the court explained in *Christianson*, "[s]ection 1172.75 requires the CDCR to identify all inmates 'currently serving a term *for a judgment that includes* an enhancement described in subdivision (a).' [Citation.] A judgment may include a sentence that has been imposed but suspended or stayed. [Citation.] Thus, by its plain language, all that is required for the CDCR to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Christianson*, *supra*, 97 Cal.App.5th at pp. 311-312.)

The court in *Christianson* noted that, "[t]he sentencing court must then '*verify* that *the current judgment includes a sentencing enhancement* described in subdivision (a).'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; § 1172.75, subd. (c).)

8

The court continued as follows: "At this point, the incorporation of subdivision (a) requires that the current judgment include a sentencing enhancement *imposed* pursuant to section 667.5, subdivision (b). However, the use of the word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the CDCR identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.)

Acknowledging that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) The court concluded that even a stayed term has potential consequences to a sentence since the trial court "retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Ibid.*; accord, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 [stayed enhancement is part of sentence and remains available if its execution becomes necessary].)

Finally, *Christianson* observed that the overarching "statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'" (*Christianson*, *supra*, 97 Cal.App.5th at p. 314.) The court noted that the resentencing procedures set forth in the statutory scheme promoted this legislative goal insofar as they "require that the trial court conduct a full resentencing for those defendants impacted by the now invalid enhancement in light of all associated sentencing reform." (*Ibid.*) Given this legislative objective, the *Christianson* court inferred that the Legislature presumably "intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Ibid.*)

In the instant case, there is no dispute defendant was serving time on a judgment which includes a section 667.5, subdivision (b) enhancement that was not for a sexually violent offense. Section 1172.75 expressly provides that if a "current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) Applying *Christianson* here, defendant is entitled to a full resentencing under section 1172.75. (§ 1172.75, subds. (a) & (c); see *Christianson*, *supra*, 97 Cal.App.5th at pp. 314-315.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on

10

review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].) At resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

The People ask us to follow *Rhodius*, *supra*, 97 Cal.App.5th 38, which held that the express language in section 1172.75, subdivision (d)(1), requiring the resentencing to "result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement," combined with the legislative history behind the enactment of Senate Bill Nos. 136 and 483, require the conclusion that section 1172.75 does not invalidate prior prison term enhancements that were imposed but stayed. (*Rhodius*, at pp. 43-49.) *Rhodius* reasoned as follows: "Section 1172.75 subdivision (d)(1)'s requirement that the resentencing shall result in a lesser sentence than the one originally imposed necessitates the conclusion that the repealed enhancement increased the length of the sentence. The only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed. If the repealed enhancement was imposed and stayed, the sentence would not have been increased, as was the case here." (*Id.* at p. 44.)

Although *Rhodius* was thoughtfully decided, we respectfully disagree with it; rather, we agree with *Christianson's* reasoning and conclusion that "a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an

11

increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312; see also, *Saldana*, *supra*, 97 Cal.App.5th at p. 1278 ["The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason."].)

The People point out that, in the instant case, the court did not strike the prior prison enhancement at the hearing, but improperly stayed it, which resulted in an unauthorized sentence. We agree that the trial court stayed the enhancement in error, resulting in an unauthorized sentence. (*People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of section 667.5(b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken."].) However, the unauthorized nature of defendant's sentence does not affect the analysis of whether the trial court was required to conduct a full resentencing under section 1172.75. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 312 ["by its plain language, all that is required for the CDCR to identify an inmate under [section] 1172.75, [subdivision] (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed or stayed."].)

In sum, we adopt the analysis and conclusions from *Christianson* as though they were set forth in full in this opinion and conclude that the trial court erred in finding defendant ineligible for relief. The CDCR properly identified him as a person in custody

"currently serving a term for a judgment that includes an enhancement described in [section 1172.75,] subdivision (a)." (§ 1172.75, subd. (b).) He is therefore entitled to a recall of his sentence and a full resentencing under the terms of section 1172.75, including the application of "any other changes in law that reduce sentences or provide for judicial discretion . . ." (§ 1172.75, subd. (d)(2)) and consideration of "postconviction factors" militating against continued incarceration (§ 1172.75, subd. (d)(3)).

### DISPOSITION

The denial order is reversed, and the matter is remanded to the trial court with instructions to recall defendant's sentence and conduct a full resentencing proceeding pursuant to section 1172.75, subdivisions (c) and (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

We concur:

CODRINGTON
Acting P. J.

RAPHAEL
J.

13