Filed 12/24/24  P. v. Barker CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>BOBBY RAY BARKER,<br><br>       Defendant and Appellant. | A167946<br><br>(San Mateo County<br>Super. Ct. No. SC044291A) |

Appellant Bobby Ray Barker (appellant) appeals from denial of resentencing under Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), which declared invalid prior prison term enhancements imposed pursuant to Penal Code section 667.5, subdivision (b)[1] for nonsexually violent offenses.  The trial court denied resentencing because appellant had already completed his 16-year sentence on the judgment that included the prior prison term enhancement; appellant was still in prison due only to offenses he committed while in custody (as well as a previous robbery) that added over 15 years to his confinement time.  We affirm.[2]

---

[1] All undesignated statutory references are to the Penal Code.

[2] Appellant filed a petition for writ of habeas corpus (case No. A169984), also seeking relief based on Senate Bill 483.  We summarily deny the petition in a separate order.

1

BACKGROUND

In January 1999, the San Mateo County District Attorney filed an information charging appellant with robbery (§ 212.5, subd. (c)); two counts of assault with a firearm (§ 245, subd. (a)(2)); and possession of a firearm by a felon (§ 12021, subd. (a)(1)).[3] Among other things, the information also alleged a prior prison term enhancement under section 667.5, subdivision (b).

In August 1999, a jury found appellant guilty of robbery and not guilty on the remaining charges. The trial court found true the prior prison term allegation, among others. In October, the court sentenced appellant to 16 years in prison, including one year for the prior prison term enhancement.

While in custody, appellant committed five additional offenses and was convicted for a 1998 robbery. In particular, in 2001, he was convicted on two counts of being a prisoner in possession of a weapon, which added eight years to his sentence. In 2007, he was convicted of indecent exposure, which added four years to his sentence. In 2011, he was convicted for a 1998 robbery, which added two years to his sentence. And, in 2014 and 2020, he was again convicted of indecent exposure, which added a total of 16 months to his sentence. The record contains abstracts of judgment corresponding to these additional convictions and adding 15 years, four months to his sentence.

Following the passage of Senate Bill 483, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as an individual possibly eligible for resentencing. Respondent opposed resentencing on the ground that appellant is ineligible for relief because he is no longer serving the 16-year sentence in the 1999 judgment including the prior prison term enhancement. Appellant responded that, although he was "technically not

_____

[3] The factual circumstances underlying the charges are not relevant to the issue on appeal.

2

serving his sentence in this matter," the one-year prior prison term enhancement was "still affecting [his] current sentences that are running consecutively to the original sentence." In May 2023, the trial court denied relief, concluding it lacked jurisdiction to modify the 1999 judgment.

The present appeal followed.

DISCUSSION

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. [Citation.] Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) [citation] amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).)

"Later, in 2021, the Legislature enacted [Senate Bill 483]. This bill sought to make the changes implemented by Senate Bill 136 retroactive. . . . It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code." (*Burgess*, *supra*, 86 Cal.App.5th at p. 380.) "Section 1172.75 states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' (§ 1172.75, subd. (a).) The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) of section [1172.75] directs the Secretary of the [CDCR] and the correctional administrator of each county to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement

3

described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement.' (§ 1172.75, subd. (b).)" (*Burgess*, at p. 380; see also *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).) After a trial court receives that information, " 'the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a),' and if so, 'recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Burgess*, at pp. 380–381; see also *Escobedo*, at p. 446.)

Respondent argues that appellant is not entitled to resentencing under section 1172.75 because appellant has already completed the sentence on the 1999 judgment, and no "current judgment" "includes" an enhancement under section 667.5, subdivision (b). Appellant does not argue to the contrary; instead, appellant argues that *but for* inclusion of the prior prison term enhancement in the 1999 judgment, he would be released a year earlier, because, under section 1170.1, subdivision (c), his sentences for the subsequent convictions commenced on the date that he otherwise would have been released.[4]

The decision in *Escobedo, supra*, 95 Cal.App.5th 440 is instructive, although the procedural posture of that case differed in an important way. There, two defendants appealed from trial court orders denying their petitions to strike prior prison term enhancements pursuant to section

---

[4] Section 1170.1, subdivision (c) provides in part, "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison or is subject to reimprisonment for escape from custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions that the person is required to serve consecutively shall commence from the time the person would otherwise have been released from prison."

1172.75. (*Escobedo*, at pp. 444, 446–447.) The People there opposed the petitions on the same ground asserted in the present case—that the defendants were not serving eligible sentences including prior prison term enhancements, but rather separate sentences for crimes committed while in prison. (*Id.* at p. 447.) The *Escobedo* court held the trial court lacked jurisdiction to adjudicate the petitions because review was not triggered " 'by receipt of the necessary information from the CDCR Secretary or a county correctional administrator' " and a " ' "freestanding motion [or petition] challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief." ' " (*Id.* at p. 448.) The present case differs from *Escobedo* in that respect because the parties agree appellant was identified by the CDCR.

Despite its conclusion that the trial court lacked jurisdiction to resentence the defendants, the *Escobedo* court also addressed the merits, stating, "If we were to consider their claim on the merits, the claim would fail because their 'current judgments,' i.e., the judgments for the offenses they committed while in prison for the [original] convictions, do not include a prior prison term enhancement." (*Escobedo*, *supra*, 95 Cal.App.5th at p. 451.) Instead, "[w]hen appellants petitioned for relief, their 'current judgments' were the convictions for offenses they had committed in prison while serving the sentences for the [original] convictions. Pursuant to section 1170.1, subdivision (c) . . . , the prior prison term enhancements for the [original] convictions did not carry over to the consecutive sentences imposed for the new in-prison offenses." (*Ibid.*)

*Escobedo* cited *In re Tate* (2006) 135 Cal.App.4th 756 (*Tate*), which explained, "It is well settled that under section 1170.1[, subdivision] (c), a term for an in-prison offense or multiple in-prison offenses begins to run at

5

the end of the prison term imposed for the original out-of-prison offenses. . . . Thus, 'the term for an in-prison offense does not become part of the aggregate prison term imposed for those offenses which were committed "on the outside." Instead, the defendant is imprisoned for a total term consisting of the sum of his aggregate sentence computed under section 1170.1[, subdivision] (a) plus the new aggregate term imposed under section 1170.1[, subdivision] (c). [Citation.] The latter term starts to run at the end of the prison term imposed for the defendant's original "outside" offense. [Citation.]' [Citations.] [¶] Thus, [the defendant's] consecutive sentence for his . . . in-prison offense is not merged or aggregated with his original term for the . . . out-of-prison offense. Instead, the two terms are treated as separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense." (*Tate*, at pp. 764–765; accord, *Escobedo, supra*, 95 Cal.App.5th at p. 452; see also *People v. Langston* (2004) 33 Cal.4th 1237, 1242 ["new crimes committed while in prison are treated as separate offenses and begin a new aggregate term"].)

Tate is directly analogous to the present case: there, "once [the defendant] completed his sentence for the violent out-of-prison offense, he was no longer subject to imprisonment for a violent offense and consequently no longer a 'person who is convicted of a [violent] felony offense' " for purpose of a limitation on credit accrual (*Tate, supra*, 135 Cal.App.4th at p. 765); here, appellant was no longer "serving a term for a judgment that includes" a prior prison term enhancement (§ 1172.75, subd. (b)) once he completed his sentence for the 1999 conviction.

We agree with *Escobedo's* conclusion on the merits.[5]  Appellant articulates no interpretation of section 1172.75 that would allow this court to conclude he is currently imprisoned on a judgment including a now-invalid prior prison term enhancement.  Instead, he argues that "but for" inclusion of the enhancement in his original sentence, he would have started serving his present sentence earlier and would be released from prison sooner.  He argues, "because [the current] sentence runs consecutive to the [sentence containing the] enhancement, the [current] sentence's start and end dates depend on the enhancement—indeed, the current judgment's sentence cannot be understood or applied *without* including the enhancement."  But appellant points to nothing in the language of section 1172.75 that permits a trial court to engage in resentencing because a *prior* judgment and *completed* sentence contained a now-invalid enhancement that has some practical effect on the length of confinement on a sentence in a *subsequent* judgment.

Appellant also argues this court should direct the trial court to resentence appellant pursuant to section 1172.1, as amended effective January 1, 2024 (Stats. 2023, ch. 795, § 1.5).  Section 1172.1 now authorizes "any judge with jurisdiction in the case" to "initiate[]" "[r]ecall and

---

[5] Appellant does not acknowledge *Escobedo's* express rejection, albeit in dicta, of the argument he makes in the present appeal.  Instead, he refers to a different part of the opinion in which the court stated, "We are quick to observe that we would grant habeas corpus relief if it were shown that a prisoner was confined solely because of a now 'invalid' prior prison term." (*Escobedo, supra*, 95 Cal.App.5th at p. 447.)  Given that *Escobedo* concluded that a person in appellant's situation is *not* confined because of a prior prison term enhancement in a prior judgment, that statement in *Escobedo* must refer to a situation where a person is actually entitled to relief under section 1172.75, but the trial court does not have jurisdiction because the CDCR or county correctional administrator failed to provide the necessary information to the court.

resentencing" "at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority." (§ 1172.1, subd. (a)(1).)  But that amendment is of no help to appellant because the new authority, section 1172.75, does not authorize the trial court to resentence appellant on the 1999 judgment.  (See *People v. Cota* (2023) 97 Cal.App.5th 318, 329 ["In general, ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence" ' "].)  Neither does appellant cite any authority supporting his suggestion that the trial court could adjust the starting date for his consecutive sentences under section 1170.1, subdivision (c)—to make them start one year earlier to reflect the invalidity of the prior prison term enhancement in the 1999 judgment—without modifying the 1999 judgment itself.

## DISPOSITION

The trial court's order is affirmed.

SIMONS, Acting P.J.

We concur.

BURNS, J.
CHOU, J.

(A167946)

8