Filed 3/12/25  P. v. Avery CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KYLE WHELAN AVERY,<br><br>    Defendant and Appellant. | B331967<br><br>(Los Angeles County<br>Super. Ct. No. VA062824) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, LaRonda J. McCoy, Judge.  Reversed and remanded with directions.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Kyle Whelan Avery appeals the superior court's order denying his request for a full resentencing under Senate Bill No. 483 (2021-2022 Reg. Sess., Stats. 2021, ch. 728, § 3) (SB 483), codified as Penal Code section 1172.75 (formerly section 1171.1).[1] The superior court struck Avery's two prior prison term enhancements under section 667.5, subdivision (b), but declined to fully resentence him, ruling section 1172.75's full resentencing requirement did not apply to Avery because his enhancements were stayed. We reverse and remand for a full resentencing in accordance with section 1172.75, subdivision (d).

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Avery in 2001 of second degree robbery. (§ 211.) In a bifurcated proceeding, the superior court found that Avery had two prior serious felony convictions within the meaning of section 667, subdivision (a)(1), which also qualified him for sentencing under the "Three Strikes" law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)). In addition, the court found he had served two separate prison terms, within the meaning of section 667.5, former subdivision (b).

The superior court sentenced Avery as a third strike offender to an aggregate prison term of 35 years to life, consisting of 25 years to life on the robbery, plus 10 years for the two prior serious felony convictions. The court also imposed and stayed execution of two one-year sentences for the two prior prison term

---

[1] All undesignated statutory references are to the Penal Code. Effective January 1, 2022, section 1171.1 was renumbered to section 1172.75 with no change in text. (Assem. Bill No. 200 (2021-2022 Reg. Sess., Stats. 2022, ch. 58, § 12).)

2

enhancements "until [Avery] successfully completes 35 years to life, at which time said two years shall be permanently stayed." We affirmed the judgment on September 9, 2022. (*People v. Avery* (Sep. 9, 2022, B153744) [nonpub. opn.].)

In 2021, the Legislature invalidated all section 667.5, subdivision (b), prior prison term enhancements that were imposed prior to January 1, 2020, and did not arise from convictions for sexually violent offenses. The Legislature enacted section 1172.75, which provides a procedure for resentencing inmates serving terms that include those now-invalid enhancements. (§ 1172.75, subd. (a).)

In 2022, Avery filed a petition for resentencing, seeking to strike his section 667.5, subdivision (b), enhancements under the new law. The Department of Corrections and Rehabilitation (CDCR) also identified Avery as a person serving a sentence that includes a prior prison term enhancement and placed him on an eligibility list.[2] Counsel was appointed for Avery.

In 2023, the superior court struck Avery's section 667.5, subdivision (b), enhancements. However, the court declined Avery's request to conduct a full resentencing, noting "there is a split of authority" on whether a defendant is entitled to a full resentencing if the section 667.5, subdivision (b), enhancement was imposed and stayed.

Avery timely appealed.

---

[2] The People do not contend the superior court lacked authority to consider Avery's petition under section 1172.75.

# DISCUSSION

A.  *Section 1172.75*

Effective January 1, 2022, SB 483 added section 1172.75 to the Penal Code.  (*People v. Christianson* (2023) 97 Cal.App.5th 300, 310, review granted Feb. 21, 2024, S283189 (*Christianson*).)  Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75, subdivision (b), instructs the CDCR or county correctional administrator to " 'identify those persons in [its] custody currently serving a term . . . that includes an enhancement' " for a prior prison term under section 667.5, subdivision (b), and " 'provide the name of each [such] person . . . to the sentencing court that imposed the enhancement.' " (*Christianson*, *supra*, 97 Cal.App.5th at p. 310, review granted, quoting § 1172.75, subd. (b).)  The sentencing court "shall review the judgment" and verify that the judgment includes a prior prison term enhancement.  (§ 1172.75, subd. (c).)  "If the court determines that the current judgment includes [such] an enhancement . . . the court shall recall the sentence and resentence the defendant."  *(Ibid*.; see *Christianson*, at p. 310.)

Section 1172.75 outlines "specific instructions" for resentencing.  (*People v. Carter* (2023) 97 Cal.App.5th 960, 966.)  "First, the resentencing 'shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would

4

endanger public safety. . . .' [Citation.] Second, the trial court 'shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' (§ 1172.75, subd. (d)(2).) Third, the court 'may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.] Fourth, '[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that . . . have been stipulated to by the defendant, or have been found true beyond a reasonable doubt . . . .' [Citation.] Finally, the court 'shall appoint counsel' for the resentencing." (*Carter*, at pp. 966-967; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 855-856, fn. 12; *People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, at p. 402; accord, *Garcia*, at p. 855.)

B. *Avery Was Entitled to a Full Resentencing*

Avery argues the superior court erred in ruling that, because his enhancements were stayed, he was not entitled to a full resentencing under section 1172.75. The People disagree, arguing the resentencing provisions of section 1172.75 apply only

5

to defendants whose prior prison term enhancements were imposed and executed.  Following our de novo review of this issue of statutory interpretation (*People v. Lewis* (2021) 11 Cal.5th 952, 961), we agree with Avery.

The majority of published decisions on this issue have held section 1172.75 applies to all enhancements imposed under section 667.5, subdivision (b), whether executed or stayed.  (See *People v. Bravo* (2025) 107 Cal.App.5th 1144 (*Bravo*); *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*); *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *Christianson, supra*, 97 Cal.App.5th 300, review granted; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282-1283 (*Renteria*); see also *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 (*Espino*) [section 1172.75 applies to prior prison term enhancements that were imposed and stricken].)  However, the People urge us to follow *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), in which Division Two of the Fourth District Court of Appeal concluded section 1172.75 resentencing relief applies only if the now-invalid section 667.5 enhancement was imposed and executed, not imposed and stayed.  (*Rhodius*, at pp. 46-49.)  Our Supreme Court has granted review to resolve the issue.  In the meantime, as the *Espino* court stated, "We see no good reason to reject the weight of authority interpreting section 1172.75."  (*Espino*, at p. 196.)

Section 1172.75 requires the court to provide a full resentencing hearing to any defendant currently serving time in prison on a judgment that includes "[a]ny sentencing enhancement that was *imposed* prior to January 1, 2020,

6

pursuant to subdivision (b) of Section 667.5," except for convictions for a sexually violent offense.  (§ 1172.75, subd. (a), italics added.)  In interpreting section 1172.75, courts have focused primarily on the meaning of the term "imposed" under subdivision (a).  (See, e.g., *Renteria*, *supra*, 96 Cal.App.5th at p. 1282; *Rhodius*, *supra*, 97 Cal.App.5th at p. 43, review granted; *Christianson*, *supra*, 97 Cal.App.5th at p. 305, review granted.)  In *Rhodius*, the court construed the term "imposed" to mean "imposed and executed."  (*Rhodius*, at p. 44.)  It did so to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "a lesser sentence than the one originally imposed as a result [of] the elimination of the repealed enhancement."  (*Rhodius*, at pp. 42-45.)  It reasoned that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed."  (*Id.* at p. 44.)  If section 1172.75 applied to *stayed* prior prison term enhancements, the *Rhodius* court concluded, a resentencing court faced with such an enhancement would be forced to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement.  (*Rhodius*, at p. 44.)  To avoid that scenario, *Rhodius* held that section 1172.75 must be construed to apply only to prior prison term enhancements that were imposed and executed, not imposed and stayed.  (*Rhodius*, at p. 44.)

Since *Rhodius*, multiple appellate courts have considered its reasoning and rejected it.  (*Bravo*, *supra*, 107 Cal.App.5th at p. 1154; *Espino*, *supra*, 104 Cal.App.5th at p. 197, review granted; *Mayberry*, *supra*, 102 Cal.App.5th at pp. 673-676, review granted; *Saldana*, *supra*, 97 Cal.App.5th at p. 1278, review granted; *Christianson*, *supra*, 97 Cal.App.5th at p. 312, review

7

granted.) As explained in *Mayberry*, "imposed-but-stayed prior prison term enhancements carry the possibility of execution. . . . If 'imposed' in subdivision (a) of section 1172.75 is read to include stayed prior prison term enhancements, then striking them now as invalid eliminates their impact from the 'originally imposed' sentence referred to in section 1172.75, subdivision (d)(1) resulting in a 'lesser sentence than the one originally imposed.' " (*Mayberry*, at pp. 674-675; see *Christianson*, at p. 312 ["When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated. [Citation.] Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential."].)

The People argue it is "highly unlikely" the Legislature intended the word "imposed" in section 1172.75, subdivision (a), to mean "stayed," because prior prison term enhancements "generally cannot be stayed." (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true within the meaning of section 667.5[, subd.] (b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken."].) But, at the time the Legislature amended section 667.5, subdivision (b), the court could stay rather than strike a prior prison term enhancement in some circumstances. For instance, under California Rules of Court, rule 4.447 "a court may not strike or dismiss an enhancement solely because imposition of the term is prohibited by law or exceeds limitations on the imposition of multiple enhancements." (Cal. Rules of

8

Court, rule 4.447(a).) Instead, in this situation the court should "[s]tay execution of the part of the term that is prohibited or exceeds the applicable limitation." (Cal. Rules of Court, rule 4.447(a)(2).) Knowing that the law permitted sentence enhancements to be stayed under certain circumstances, "if the Legislature intended for the language in subdivision (a) of section 1172.75 to limit legal invalidity to section 667.5, former subdivision (b) enhancements that were imposed and executed," it should have set forth that limitation in section 1172.75. (*Mayberry*, *supra*, 102 Cal.App.5th at p. 676, review granted.)

The People counter that in *People v. Anderson* (2018) 5 Cal.5th 372, the Supreme Court "appears to have foreclosed the possibility of employing a stay" when, as here, the prior prison term enhancements were based on the same prior convictions as the section 667, subdivision (a)(1), enhancements. But in *Anderson*, the Supreme Court did not discuss whether the trial court could or should have stayed execution of an enhancement under section 667.5, subdivision (b). The *Anderson* opinion includes only a brief discussion of the section 667.5, subdivision (b), enhancement: "In addition to sentencing defendant to death, the court imposed a prison sentence for the other counts and prior convictions. The sentence included a consecutive one-year enhancement for the prior prison term. [Citation.] Defendant argues, and the Attorney General concedes, that, because the prison term was served for two of the convictions for which the court also enhanced the sentence, the enhancement for the prior prison term must be stricken. We agree." (*Anderson*, at p. 426.) The Supreme Court's direction to the trial court to strike the section 667.5, subdivision (b), enhancement does not establish that the Legislature knew trial courts could not stay execution of

9

prior prison term enhancements, much less prove that the Legislature could not have intended section 1172.75 to apply to stayed enhancements.[3]

The People also argue the legislative history demonstrates the Legislature did not intend for the statute to apply to stayed enhancements. They highlight the preamble to SB 483, which states the Legislature intended to grant relief to "all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements." (Stats. 2021, ch. 728, § 1.) They contend that "[a] defendant does not 'serve a term' for an enhancement where the punishment was stricken or stayed." But, as noted, Avery *is* currently serving a prison term that *includes* a stayed enhancement. The People do not point to anything in the legislative history suggesting that only those currently serving one-year sentences for the enhancements are eligible for relief. Indeed, section 1172.75 applies to individuals not currently serving a one-year enhancement by referring to both "individuals who have served their base term and any other enhancement and are currently serving a sentence based on the enhancement" and "all other individuals." (§ 1172.75, subd. (c).)

Pending resolution by our Supreme Court of the split among the appellate courts on this issue, we conclude that *Bravo*, *Mayberry*, *Saldana*, *Christianson*, and *Renteria* persuasively

---

[3] Even if the superior court erred in staying execution of Avery's enhancements, Avery was entitled to a full resentencing under section 1172.75 because he is currently serving a sentence that includes such enhancements. (See *Christianson*, *supra*, 97 Cal.App.5th at p. 317, review granted ["Even if the sentencing court improperly stayed one or more of the section 667.5, subdivision (b) enhancements, . . . the proper remedy would be a full resentencing."].)

support applying section 1172.75 to all imposed prior prison term enhancements, regardless of whether the enhancements were stayed or executed.  Accordingly, the superior court erred in not conducting a full resentencing under section 1172.75.

## DISPOSITION

The order denying Avery's request for a full resentencing is reversed.  The superior court is directed to vacate its order and resentence Avery in accordance with section 1172.75, subdivision (d).


STONE, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.